**Ernest A. TOUCHSTONE,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 82A03–9302–CR–074.**

Court of Appeals of Indiana,
Third District.

Aug. 4, 1993.

Verdelski V. Miller, Evansville, for appellant-defendant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

Touchstone was charged with possession of cocaine, with three counts of resisting law enforcement and with public intoxication. A jury convicted him on the first count, convicted him of lesser offense misdemeanors on each of the resisting counts and acquitted him on the fifth count.

The evidence favorable to the verdicts disclosed that police were dispatched to investigate a disturbance. They discovered Touchstone, who was sitting on the sidewalk crying and sweating profusely. When asked his name Touchstone replied, "Omar," then screamed that his name was not Omar and began yelling obscenities. After detecting a strong odor of alcohol on Touchstone's breath, one of the officers attempted to place him under arrest. Touchstone forcibly resisted and eventually three officers were involved in subduing him and transporting him to the police station. The cocaine was discovered on his person.

█ Touchstone challenges his conviction on three counts of resisting law enforcement. (Each count alleged one of the three officers involved in the fracas.) We agree. As decided in *Armstead v. State* (1990) Ind.App., 549 N.E.2d 400, resisting law enforcement is not an offense against the person, but against lawful authority. Thus, in a single incident only one offense is committed regardless of the number of officers involved. The state urges that we find separate incidents to have occurred when Touchstone was originally placed under arrest and when they arrived at the police station. We cannot accept the state's argument. The facts disclose a single incident although Touchstone apparently ceased resisting during the drive to the police station, or a portion of it. We therefore vacate the convictions on Counts III and IV. On the other hand the trial court only sentenced Touchstone on Counts I and II, stating that Counts III and IV merged with Count II for sentencing. We therefore need not remand for resentencing.

█ Touchstone next argues that the court erred in permitting Officer Everly to testify over objection as to what three or four groups of people told the officers when they arrived at the scene. The state argued then, as it does now, that the evidence was admissible to establish why the officers proceeded with their investigation.

█ We believe the better view was that expressed in *Ketcham v. State* (1959) 240 Ind. 107, 162 N.E.2d 247 that the fact of the complaints is admissible but their content should be excluded as hearsay unless the particular words spoken are necessary to explain why or how the officers proceeded. (In such instances a limiting instruction is, of course, appropriate if requested.)

█ On the other hand, we are unable to say that Touchstone was prejudiced by the testimony. No limiting instruction was requested, and the hearsay related neither involved any elements of the offenses for which Touchstone was convicted nor was it inflammatory or likely to have influenced the verdict. The error was harmless.

█ Finally, Touchstone urges that the court erred in refusing to permit a defense witness to testify as to what she heard him say at the scene.

The witness in fact testified to several statements she heard Touchstone make. After she stated that she heard him say he was not drunk, the state interposed an objection to hearsay which the court sustained. At that point there was no question pending. Touchstone did not then make an offer of proof or ask any further questions calling for the witness to respond by stating what Touchstone may have additionally said. Thus, no error has been established. Indeed, her subsequent testimony included two additional statements she assertedly heard from Touchstone and these were received without objection. No prejudicial error has been shown.

The judgment is modified by vacating the convictions on Counts III and IV for resisting law enforcement and, as modified, the judgment is affirmed.

HOFFMAN and NAJAM, JJ., concur.