**Robert E. ANDERSON, Appellant– Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A03–9605–CR–178.**

Court of Appeals of Indiana.

Dec. 3, 1996.

John Pinnow, Special Assistant to the State Public Defender, Greenwood, for Appellant–Defendant.

Pamela Carter, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

On October 25, 1995, the trial court granted Robert Anderson's ("Anderson") petition for post-conviction relief and set aside his 1991 conviction of attempted murder due to instructional error. Anderson was retried in January 1996 and a jury found him guilty of aggravated battery, a class B felony, as a lesser included offense of attempted murder. Anderson appeals. We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

On June 20, 1990, Anderson was charged with attempted murder and after a three day trial in May 1991, a jury found him guilty. He was sentenced to a thirty (30) year term in June 1991. We affirmed Anderson's conviction and sentence in a memorandum decision. *Anderson v. State,* 591 N.E.2d 1068 (Ind.Ct.App.1992). In our decision, we offered the following account of the facts.

> The evidence favorable to the verdict disclosed that the victim was the father of Anderson's girlfriend. On the day in question the victim attempted to deliver his two year old grandson to his daughter at Anderson's home, where she had been living. When he took the child to the door Anderson told him that his daughter was staying with a neighbor. The victim then went to the house where his daughter was staying. She told him that she was staying there because Anderson had beaten

her and held a gun to her head on the previous night.

The victim promptly returned to Anderson's home, parked his truck at the curb and blew the horn. Anderson put a pistol in his pocket and went outside. The victim left his truck and told Anderson that he should stop fighting with the daughter. When Anderson responded that it was none of the victim's business, the victim accused Anderson of also beating the child, but stated that he had no time to argue with Anderson because he had to get to work. The victim then turned away and returned to his truck.

When the victim reached the door of the truck Anderson said, "I'll kill you now." As the victim turned around Anderson fired his pistol. The bullet struck the victim in the shoulder. The victim fell against the truck and exclaimed, "You shot me!" Anderson then repeated that he would kill the victim and shot him again. The bullet wounds were to the area of the victim's left shoulder above his heart. One wound was below the clavicle and two were located in the armpit.

On September 16, 1993, Anderson filed a petition for post-conviction relief which was subsequently amended. The trial court granted his petition on October 25, 1995. The case was retried in January 1996 and a jury found Anderson guilty of aggravated battery,[1] a class B felony, as a lesser included offense of attempted murder.[2]

### ISSUE

Anderson appeals solely on the issue of whether his conviction for aggravated battery, a class B felony at IND.CODE § 35–42–2–1.5, which was added to the Indiana code after the commission of the offense, was fundamental error.

### DISCUSSION AND DECISION

Anderson argues that his conviction of aggravated battery violated the constitutional

1. IND.CODE § 35–42–2–1.5.

2. IND.CODE § 35–42–1–1 and IND.CODE § 35–41–5–1.

proscriptions against ex post facto laws. Article I, § 24 of the Indiana Constitution provides that "No ex post facto law ... shall ever be passed" and article I, § 10, clause 1 of the United States Constitution provides that "No state shall ... pass any ... ex post facto law ..." In *Taylor v. State Election Board,* 616 N.E.2d 380 (Ind.Ct.App.1993), we provided further guidance regarding what constitutes an ex post facto law.

> An ex post facto law is a legislative act relating to criminal matters, retroactive in its operation, 1) which alters the situation of an accused to his disadvantage or deprives him of some lawful protection to which he is entitled, as a law which imposes a punishment for an act which was not punishable when it was committed; 2) which makes a crime greater than when it was committed or imposes additional punishment therefor; or 3) which changes the rules of evidence by which less or different testimony is sufficient to convict.

*Id.* at 383.

At the time of this offense, battery was defined at IND.CODE § 35–42–2–1 which provided for the enhancement of the class B misdemeanor battery to an A misdemeanor, D felony or C felony based on additional required elements. IND.CODE § 35–42–2–1 provided, in part:

> A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a class B misdemeanor. However, the offense is:
>
> . . .
>
> (3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon.[3]

IND.CODE § 35–42–2–1 did not provide for enhancement of battery to a class B felony. The offense of aggravated battery, a class B felony as defined by IND.CODE § 35–42–2–1.5, did not exist when the instant offense was committed and was added by P.L.213 in 1991 and provides:

3. The portion of the statute providing for the enhancement of battery to a class C felony has gone unchanged. See IND.CODE ANN. § 35–42–2–1 (West 1986)(Supp.1996).

A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes serious permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ commits aggravated battery, a Class B felony.

IND.CODE § 35–42–2–1.5.

The statute in existence when the instant offense was committed did not provide for the offense of battery to be elevated to a class B felony. By allowing the conviction for aggravated battery, the trial court retroactively applied the statute. The statute providing for aggravated battery made the crime greater because prior to its passage battery could be enhanced to no greater than a class C felony. We do not agree with the state's position that because the jury did not convict Anderson of attempted murder, a class A felony, that he necessarily gained an advantage by being convicted of aggravated battery as a class B felony. Under the laws applicable at the time of this offense, if the jury failed to convict Anderson of attempted murder, he would have been facing the lesser included offense of battery with a potential enhancement to a class C felony. Anderson's conviction of aggravated battery as a class B felony made Anderson's crime greater than when it was committed and imposed additional punishment. This falls into the second category of ex post facto laws as provided in *Taylor*, 616 N.E.2d at 383.

The state argues that Anderson invited the error by seeking the instruction on aggravated battery as an included offense. It contends his conviction therefore does not constitute fundamental error. The state cites *Kemp v. State*, 647 N.E.2d 1143 (Ind.Ct.App. 1995), *trans. denied*, to support its argument that Anderson "may not now be heard to complain that he was convicted of the very offense which he asked to be submitted to the jury as an alternative consideration...." *Id.* at 1145, Appellee Brief, p. 3. However, *Kemp* is distinguishable. In *Kemp,* the defendant was charged with rape. The state tendered an erroneous instruction indicating that sexual battery was a lesser included offense of rape. After discussing the instruc-

tion, defense counsel informed the court that he wanted his client to make the decision of whether to include the instruction. The defendant's counsel specifically advised his client on the record that case law indicated that sexual battery was not a lesser included offense of rape. The defendant indicated on the record that he did not want his attorney to object to the instruction. After the jury convicted the defendant of sexual battery, he appealed contending that the trial court erred when it erroneously tendered a jury instruction indicating that sexual battery was a lesser included offense of rape. In upholding the conviction, this court discussed the invited error doctrine and held that the defendant "may not agree to a certain procedure and then seek reversal based on that procedure." *Id.* at 1146. Although both parties agreed that sexual battery was not, as a matter of law, a lesser included offense of rape, the offense of sexual battery, at IND. CODE § 35–42–4–8, *did exist* when the defendant committed the offense in December of 1992.

Our holding in *Vandeventer v. State,* 459 N.E.2d 1221 (Ind.Ct.App.1984), provides further support for this distinction. In *Vandeventer,* the defendant was charged with attempted voluntary manslaughter.[4] The trial court gave an instruction, which the defendant tendered, informing the jury that it could find the defendant guilty of the included offense of attempted reckless homicide. The jury found the defendant guilty of the "included offense" of attempted reckless homicide and returned its verdict on the form prepared by the court. Upon appeal, the state conceded that there was no such offense as attempted reckless homicide because the attempt statute applied only to specific intent crimes. In deciding the issue of whether or not a conviction of a nonexistent offense can be permitted to stand on the basis of invited error, we found:

> The parties agree that the invited error doctrine exists in Indiana. They agree that as a general proposition Indiana cases hold a defendant may not profit from obtaining an erroneous instruction by thereafter claiming error. *Stamper v. State,*

4. IND.CODE § 35–42–1–3 and IND.CODE § 35–41–5–1.

(1973) 260 Ind. 211, 294 N.E.2d 609; *Moore v. State*, (1983) Ind.App., 445 N.E.2d 576. [The defendant] even concedes the rule has been applied to the giving of a tendered included offense instruction which erroneously states that an offense is an included offense when it is not. [Citations omitted].

However, [the defendant] distinguishes those cases from cases such as this, where the so-called included offense is nonexistent. He correctly observes that in all the cases cited by the State the included offense was actually a statutorily recognized offense. *He argues the invited error doctrine may not apply to convict a person of a non-existent crime. We agree.*

*Id.* at 1222 (emphasis added). In *Moon v. State*, 267 Ind. 27, 366 N.E.2d 1168 (1977), we held that the defendant's conviction for "armed kidnapping," a charge that did not exist, constituted fundamental error and could not stand.

If kidnapping is not encompassed within the armed felony statute, Ind.Code § 35–12–1–1, then no such offense as "armed kidnapping" exists. That being so, a conviction for "armed kidnapping" is a nullity. *Conviction of a nonexistent crime is fundamental error,* [citation omitted], which error, if apparent on the face of the record, cannot be ignored by the reviewing court. [Citations omitted].

*Id.* at 1168 (emphasis added).

▬ Based on the foregoing, we hold that Anderson's conviction of aggravated battery, a class B felony at Ind.Code § 35–42–2–1.5, an offense which was nonexistent at the time of commission, constituted fundamental error and must be vacated.

This holding brings us unavoidably to the issue of whether Anderson can be retried for the offense of attempted murder. Anderson contends that a retrial on the offense of attempted murder would violate the constitu-

tional proscriptions against double jeopardy. We agree.

In *Bennett v. State*, 174 Ind.App. 663, 369 N.E.2d 949 (1977), we held that:

The law is clear that where a defendant is tried and convicted of a lesser and included offense of the crime charged and a new trial is obtained, the defendant may be retried only upon the offense for which he was originally convicted. [Citations omitted]. *This rule rests upon the proposition that a defendant convicted of a lesser and included offense has been impliedly acquitted of the greater offense. See, e.g., Green v. United States* (1957) 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199. But whether an acquittal is express or implied, so long as the trier of fact is given a full opportunity to convict upon the greater charge, conviction of a lesser and included offense precludes further or later prosecution upon the greater offense.

*Id.* at 951 (emphasis added).

▬ Therefore, the double jeopardy provision of the Fifth Amendment precludes Anderson from being retried for the offense of attempted murder.[5] Although the jury did not expressly acquit Anderson of attempted murder, the jury's conviction of what was thought to be a lesser included offense implies an acquittal and precludes further prosecution for attempted murder. Based on our earlier holding in this case, Anderson also cannot be retried on the offense of aggravated battery. We do not, however, interpret the language in *Bennett* to preclude retrial or conviction of Anderson on the offense of battery with a deadly weapon or battery resulting in serious bodily injury.

Anderson requests that this court order his conviction and sentence for aggravated battery vacated and further that we remand his case for trial on the offense of battery with a deadly weapon. Although we must vacate Anderson's conviction for aggravated

---

5. Additionally, IND.CODE § 35–41–4–3(a) provides in part:

A prosecution is barred if there was a former prosecution of the defendant based on the same facts and for commission of the same offense if:

(1) the former prosecution resulted in an acquittal or a conviction of the defendant (*A conviction of an included offense constitutes an acquittal of the greater offense, even if the conviction is subsequently set aside.*); ...

Id. (emphasis added).

battery and agree with his contention that he cannot be retried on the offense of attempted murder, it is unnecessary to remand for a new trial.

Anderson claims that since battery with a deadly weapon is not a lesser included offense of aggravated battery, his conviction cannot be modified to battery with a deadly weapon, a class C felony. He cites *Corn v. State*, 659 N.E.2d 554 (Ind.1995), and *Correll v. State*, 639 N.E.2d 677 (Ind.Ct.App.1994), *reh'g denied*. The reliance is misplaced. In *Correll*, we ordered the trial court to modify the defendant's conviction of confinement, a class B felony, to confinement as a class D felony. The reason for the modification was that criminal confinement, a class B felony, as a lesser included offense of kidnapping, required the element "while armed with a deadly weapon" and the charging information for kidnapping did not mention a deadly weapon. The modification was based on the defendant being convicted of an offense which included an element not in the charging information. Similarly, in *Corn*, we modified the defendant's conviction from criminal confinement as a class B felony to criminal confinement as a class D felony because the state failed to allege in the charging information that the offense was committed while armed with a deadly weapon. We noted that "the class B felony was not properly a lesser included offense of the class A kidnapping, *as the latter had been charged.*" *Corn*, 659 N.E.2d at 557 (emphasis added). Again, the reason for our modification was that the defendant had been convicted of an offense which contained an element not in the charging information.

The critical flaw in Anderson's argument is that he bases his lesser offense analysis upon the crime with which he was ultimately convicted, rather than upon the offense for which he was tried. It is that offense which determines the propriety of lesser included offenses.

■ Here, unlike *Correll* and *Corn*, the charging information alleged the elements necessary for battery with a deadly weapon. Given the jury's finding that Anderson committed the offense of aggravated battery, there is no question that had the trial court refused Anderson's request to offer the lesser included offense of aggravated battery, as it properly should have, the jury would have found Anderson guilty of the offense of battery with a deadly weapon, a class C felony. The jury was instructed on the offense of battery with a deadly weapon as a lesser included offense of attempted murder but opted to find Anderson guilty of the more serious charge of aggravated battery, a class B felony. In the case at bar, it is clear that battery with a deadly weapon was a lesser included offense of attempted murder and the charging information alleges the necessary element that the battery was committed by means of a deadly weapon, to-wit a handgun. In essence, by finding Anderson guilty of aggravated battery, the jury found beyond a reasonable doubt that all the elements of battery with a deadly weapon existed except for the commission by means of a deadly weapon.[6] Although Anderson notes that the charge of aggravated battery lacks the element of a deadly weapon, it is beyond dispute that Anderson used a handgun. He admitted buying the handgun, knowing the handgun was loaded, taking the handgun out of his pocket and his own testimony is replete with evidence that he fired his gun in the direction of the victim resulting in the victim's injuries. Given the overwhelming, undisputed evidence of the use of a deadly weapon to injure the victim, including Anderson's own testimony, and the jury's conviction of aggravated battery, albeit erroneous, we do not agree

---

6. Aggravated battery at IND.CODE 35–42–2–1.5 provides:
   > A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes serious permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ commits aggravated battery, a Class B felony.

   Battery, as defined at the time of the commission of the offense, provides that:

   > A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:
   >
   > . . .
   >
   > (3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon.

   IND.CODE § 35–42–2–1(3).

with Anderson's contention that reversal of his aggravated battery conviction necessitates a retrial on the offense of battery with a deadly weapon.

Accordingly, we vacate the judgment and sentence as to the offense of aggravated battery and remand this case with instructions to enter judgment and sentence on the offense of battery with a deadly weapon, a class C felony, a lesser included offense of attempted murder.

Reversed and remanded.

HOFFMAN and RUCKER, JJ., concur.