Charles MARTIN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9803–CR–285.

Court of Appeals of Indiana.

July 22, 1999.

---

5. In its order, the trial court divided the $5,648.50 award among the three attorneys involved in the action.

John Pinnow, Greenwood, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorney for Appellee.

### OPINION

MATTINGLY, Judge

Charles H. Martin appeals the sentences arising from his convictions of two counts of attempted battery with a deadly weapon,[1] each as a Class C felony. Martin was originally charged with two counts of attempted murder (Counts I and II), with one count of criminal recklessness (Count III), and one count of carrying a handgun without a license (Count IV).

After a bench trial, Martin was convicted of Counts III and IV. He was found not guilty of both counts of attempted murder. Instead, on Count I, the trial court found him guilty of attempted aggravated battery as a Class B felony. With regard to Count II, the trial court found Martin guilty of battery as a Class C felony. Following Martin's motion to reconsider, the trial court vacated the attempted aggravated battery conviction and entered another conviction for criminal recklessness as a Class D felony. Martin was sentenced to three years on Count I, eight years on Count II, three years on Count III, and one year on Count IV, to be served consecutively for an aggregate sentence of 15 years.

Martin appealed his convictions of Counts I and II. In a memorandum decision, we found that Martin's convictions on Counts I and II were error, as in his case neither criminal recklessness nor battery was a lesser included offense of attempted murder. On June 23, 1995, the trial court entered judgments of conviction on counts I and II for attempted battery with a deadly weapon, each as a Class C felony. On August 18, 1995, it resentenced Martin to eight years on Count I and four years on Count II. Those sentences were to be served consecutively to each other and to the sentences for Counts III and IV, for a total term of 16 years.

Martin raises three issues, which we consolidate and restate as:

1. Whether Martin was entitled on his resentencing to the benefit of an ameliorative amendment to Ind.Code § 35–50–1–2 limiting the total length of consecutive sentences, when Martin was convicted of a Class C felony and a Class D felony arising out of an incident which took place before the amendment was enacted but was resentenced for two Class C felonies after the amendment took effect; and

2. Whether Martin's conviction on Count I of attempted battery with a deadly weapon exposed him to double jeopardy.

We affirm in part and reverse and remand for resentencing.

### FACTS

The facts are set forth in our previous memorandum decision:

On the night of November 7, 1992, Michelle Miller, who had just ended a three-year relationship with Martin, was at home with her neighbor, Curtis Sutton, and her three children. After calling and threaten-

---

1. Ind.Code § 35–42–2–1.

ing Miller earlier in the evening, Martin then armed himself and broke into her home. Miller and Sutton hid in a closet to escape Martin, but he grabbed one of Miller's children and proceeded through the house looking for them and using the child as a shield.

Upon finding Miller, Martin dropped the child and grabbed Miller, but she was eventually able to free herself. Martin then struggled with Sutton who, in an attempt to escape, sprayed Martin with mace. However, Martin was still able to fire his gun at Sutton and struck him in the shoulder. Thereafter, Martin again found Miller and placed a gun to her head, stating "I ought to blow your mother fucking brains out right now." Record at 110. In an attempt to help his mother, Miller's son became involved in the struggle and Martin placed a gun to his head as well. At this point, Miller fled and jumped out of a window. Martin followed and fired a shot at Miller as she ran away.

*Martin v. State,* 643 N.E.2d 995 (Ind.Ct.App. 1994).

## DISCUSSION AND DECISION

1. *Applicability of Ameliorative Sentencing*

■ The trial court erred when it sentenced Martin to an aggregate sentence of more than ten years. As a general rule, a court must sentence a defendant in accordance with the statute in effect at the time the defendant committed the offense. *Payne v. State,* 688 N.E.2d 164, 166 (Ind.1997). However, when the legislature enacts an ameliorative amendment without including a specific savings clause, the ameliorative statute will apply to all individuals sentenced after the statute's effective date. *Id.*

Martin was resentenced on June 23, 1995. The amended version of Ind.Code § 35–50–1–2(c) in effect at that time provided:

The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in a serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IND. CODE 35–50–2–8 [habitual offender statute] and IND. CODE 35–50–2–10 [habitual substance offender statute], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.[2]

The trial court's authority to order consecutive sentences was not so limited when Martin committed the offenses in 1992.

Martin notes that the most serious felony of which he stood convicted at his resentencing was a Class C felony, and that the presumptive sentence for a felony one class higher, a Class B felony, is ten years. Thus, he argues that the total length of his consecutive sentences for Counts I, II and III, which is 16 years, should be reduced to ten years. We believe Martin is correct that the version of Ind.Code § 35–50–1–2 in effect at the time of the resentencing applies to his sentences on Counts I and II.[3]

The State cites *Riffe v. State,* 675 N.E.2d 710, 713 (Ind.Ct.App.1996) and *Rowold v. State,* 629 N.E.2d 1285, 1288–89 (Ind.Ct.App. 1994) for the proposition that "where the trial court on remand merely corrects a defendant's sentence, statutory amendments effective after the original sentence have no effect on the new sentence imposed." Brief

---

2. The State does not argue on appeal that the amendment is not ameliorative or that its terms do not encompass Martin's offenses. Rather, it argues the amendment does not apply because the trial court's action was only a "correction" of Martin's original sentence and not a "resentencing."

3. Martin did not appeal his conviction of or his sentence for Count III, criminal recklessness as a Class D felony. As his sentence on Count III was entered before the ameliorative amendment, he is not entitled to reconsideration of that sentence.

of Appellee at 5. We disagree with the State's characterization of the trial court's action.

In *Riffe*, the post-conviction court had remanded for a new sentencing hearing because the trial court had not included a statement supporting consecutive rather than concurrent sentences. On remand, the trial court reinstated Riffe's original sentences and provided a statement explaining why the sentences were to be served consecutively. In *Rowold*, we remanded to the trial court with instructions to apply a different habitual offender enhancement from the one the trial court had originally applied. We characterized both actions as a correction of an existing sentence and determined that an ameliorative provision enacted after the commission of the crime but before the defendant's sentencing would not apply.

By contrast, Martin was originally sentenced to a Class D felony on Count I, and to a Class C felony on Count II. After this court's memorandum decision reversing the trial court's sentencing, Martin was sentenced to two Class C felonies. Thus, after the reversal and remand, Martin stood convicted of different crimes, and in the case of Count I, a more serious crime, than before. This was not merely a correction of Martin's existing sentences. It was a true resentencing.

As a result, the consecutive sentences for Counts I and II cannot total more than 10 years. We remand for resentencing consistent with this decision.[4]

### 2. Double Jeopardy

■ Martin alleges that his conviction of Count I, attempted battery with a deadly weapon as a Class C felony, subjected him to double jeopardy.[5] He argues that the trial court's prior judgment that Martin was guilty of criminal recklessness operated as an implied acquittal of the greater offense of attempted battery with a deadly weapon.

■ The elements of attempted battery with a deadly weapon are:

1. the commission of a substantial step toward
2. knowingly or intentionally
3. touching another person
4. in a rude, insolent or angry manner
5. by means of a deadly weapon.

*Matthews v. State*, 476 N.E.2d 847, 849 (Ind. 1985).

The double jeopardy protection is not implicated by Martin's convictions of attempted battery with a deadly weapon and criminal recklessness. For double jeopardy purposes, we compare the elements of the crime originally charged—here, attempted murder—with those of the crime of which the defendant is ultimately convicted—here, attempted battery with a deadly weapon. In *Anderson v. State*, 674 N.E.2d 184, 189 (Ind.Ct.App. 1996), the defendant was charged with attempted murder but convicted after a second trial of aggravated battery. Anderson argued that his conviction of aggravated battery, a lesser included offense of attempted murder, barred his conviction of attempted battery with a deadly weapon. We disagreed:

The critical flaw in Anderson's argument is that he bases his lesser offense analysis upon the crime with which he was ultimately convicted, rather than upon the offense for which he was tried. It is that offense which determines the propriety of lesser included offenses.

*Id.*

In the present case, Martin was charged with attempted murder, which charge required proof that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing. *Richeson v. State*, 704 N.E.2d 1008, 1009 (Ind.1998). The charging information for Count I alleged:

Charles H. Martin, Jr., on or about November 7, 1992, did attempt to commit the

---

4. As a result of our decision, we do not address Martin's alternative argument that the presumption of vindictiveness is raised because Martin's second sentencing resulted in a term longer than that in which his first sentencing resulted.

5. Martin does not appeal his conviction of attempted battery with a deadly weapon on Count II.

crime of Murder, which is to knowingly kill another human being, namely: Michelle Miller, by engaging in conduct, that is: with intent to kill Michelle Miller, shooting at Michelle Miller by means of a deadly weapon, that is: a handgun, which constituted a substantial step toward the commission of said crime of Murder.

R. at 47.

Based on this charging information, attempted battery with a deadly weapon is a lesser included offense of attempted murder. Martin, by shooting at and missing Miller, committed attempted battery with a deadly weapon. Thus, Martin's offense of attempted battery with a deadly weapon is a lesser included offense of attempted murder. Martin's prior conviction of criminal recklessness is of no import, as we look to the offense originally charged and not the offense of which Martin was first convicted.

Affirmed in part, reversed in part, and remanded for resentencing.

RILEY, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring

I agree with the majority that at Martin's resentencing he was entitled to the ameliorative provisions of the statute then in effect and that his cumulative sentences may not exceed ten years. In doing so, I do not retreat from my dissenting opinion in *Riffe v. State* (1996) Ind.App., 675 N.E.2d 710, 714–15, *trans. denied,* and would reiterate that, as here, Riffe was resentenced as opposed to merely having his sentence corrected.

I concur in the holding with respect to the double jeopardy claim.