Dayon MILLER, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9904–CR–289.

Court of Appeals of Indiana.

March 31, 2000.

Rehearing Denied June 19, 2000.

Kathleen M. Sweeney, Kiefer & McGoff, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Dayon M. Miller was charged with three counts of attempted murder (Counts I, II and III); two counts of robbery (Counts IV and V); four counts of criminal confinement (Counts VI, VII, VIII and IX); one count of auto theft (Count X); and three counts of resisting law enforcement (Counts XI, XII and XIII). After a trial to the court, he was found guilty as charged on Counts IV through XIII, and guilty of three counts of criminal recklessness as to Counts I, II and III. On appeal Miller raises two issues, which we restate as:

1. Whether Miller was properly convicted of three counts of resisting law enforcement when all three counts arose from his actions while he was fleeing police after a bank robbery; and

2. Whether the trial court properly found Miller guilty of three counts of criminal recklessness as lesser included offenses of attempted murder.

Miller should have been convicted of only one count of resisting law enforcement. We thus reverse as to Miller's convictions of three counts of resisting law enforcement and remand for vacation of two of those three charges. We also reverse Miller's convictions of criminal recklessness as lesser included offenses of attempted murder. However, as we are

unable to reach a consensus as to the proper further disposition of those charges, we respectfully request that our supreme court resolve this conundrum.[1]

Reversed and remanded in part, and affirmed in part.

## FACTS AND PROCEDURAL HISTORY

On April 30, 1998, the People's Bank College Park branch in Indianapolis was robbed. Miller, wearing dark clothing and a black ski mask over a red bandanna that covered his nose and mouth, displayed a black handgun to the bank staff and demanded money. During the course of the robbery, Miller placed three bank employees in the vault. Robert Ware, a bank customer using the drive-up window, became suspicious, left his vehicle in the drive-up lane and entered the bank. Miller demanded Ware's wallet and ordered him into the vault. Miller fled with $10,-145.00 of the bank's money and with Ware's wallet, which contained an additional $500.00.

Kevin Stickford, a Marion County Deputy Sheriff, heard a dispatch that the robbery was in progress and proceeded toward the bank. As he approached the branch, he saw a man jogging. The man was wearing dark clothing and a black ski mask, carrying a bag in his left hand and a gun in his right hand. Deputy Stickford was in uniform and driving a brown and tan unmarked police car. Deputy Stickford stopped his car, got out, told Miller he was a police officer and ordered Miller to drop his weapon. Miller looked at Deputy Stickford and ran away. Deputy Stickford shot at Miller and Miller fired back. Miller ran back to the bank, where he stole Ware's Cadillac and drove away with Deputy Stickford in pursuit. Several other police vehicles joined the chase, including an unmarked police vehicle driven by Detective Mark Hess of the Indianapolis Police Department and a Marion County Sheriff's vehicle driven by Deputy Ronald Knight.

After running two or three red lights at speeds in excess of 85 miles per hour, Miller abandoned the Cadillac and ran into a wooded area with Deputy Stickford in pursuit. Detective Hess, driving his police vehicle with red lights and siren activated, tried to cut Miller off, but Miller fired a gun at him. Detective Hess then joined Deputy Stickford in the foot pursuit of Miller. Detective Hess yelled several times at Miller "stop, police, drop the gun." (R. at 150.) Miller and the police exchanged gunfire on several more occasions.

Detective Hess and Deputy Stickford were joined in the foot pursuit by Deputy Knight. Miller fired at Deputy Knight several times. Miller also shot at Detective Hess again, hitting a tree in front of Hess and knocking some bark into Detective Hess' face. After being hit by several bullets, Miller finally fell to the ground. Detective Hess tried to handcuff him but he resisted. Deputy Stickford then assisted Detective Hess in handcuffing Miller.

In addition to the other counts, Miller was charged with the attempted murder of Deputies Stickford and Knight (Counts I and II) and Detective Hess (Count III). Miller was also charged with three counts of resisting law enforcement as Class D felonies for fleeing officers after the officers had identified themselves as police officers by visible or audible means and ordered Miller to stop. Count XI charged Miller with resisting Deputy Stickford; Count XII charged Miller with resisting Deputy Knight; and Count XIII charged Miller with resisting Detective Hess.

After a trial to the court on January 7, 1999, the trial judge took Counts I, II and III under advisement and found Miller guilty as charged of Counts IV through XIII. In ruling on the attempted murder charges (Counts I, II and III), the trial court found Miller guilty of criminal reck-

---

1. Miller does not appeal his convictions and sentences for Counts IV through X.

lessness as a Class D felony on each count.[2]

## DISCUSSION AND DECISION

### 1. *Resisting Law Enforcement*

■ Miller argues that the charged act of fleeing was a single, continuous incident, and thus he can be convicted of only one count of resisting law enforcement. We agree, and order the trial court to vacate two of Miller's three convictions of resisting law enforcement.

A person who knowingly or intentionally flees from a law enforcement officer after the officer has by visible or audible means ordered the person to stop and who draws or uses a deadly weapon commits resisting law enforcement, a Class C felony. Ind. Code § 35–44–3–3. In *Armstead v. State,* 549 N.E.2d 400, 402 (Ind.Ct.App.1990), the defendant, in the course of resisting a search, struggled with three officers, hitting one of them in the nose. We held that unless there was more than one incident, only one charge of resisting law enforcement could be lodged against a person:

> The offenses set forth in title 35, art. 44, ch. 3 do not constitute crimes against the person. Rather, they are interferences with governmental operations constituting offenses against public administration. A person who violates IND. CODE 35–44–3–3 harms the peace and dignity of the State of Indiana and its law enforcement authority. The harm caused by one incident is the same regardless of the number of police officers resisted. It is the act of resisting duly constituted authority which the statute prohibits, not resisting individual representatives of that authority.

*Id.* at 401.

The State concedes that one of the three resisting law enforcement charges was im-

proper. However, it urges us to affirm the other two and find that Miller's acts of fleeing Deputy Stickford and Detective Hess after having been told to stop were two separate incidents. We declined to accept similar reasoning in *Touchstone v. State,* 618 N.E.2d 48 (Ind.Ct.App.1993). In *Touchstone,* the State urged that we find separate incidents of resisting law enforcement when Touchstone was originally placed under arrest and again when police and Touchstone arrived at the police station. We found "[t]he facts disclose a single incident although Touchstone apparently ceased resisting during the drive to the police station, or a portion of it." *Id.* at 49.

Miller's acts in resisting law enforcement after he exited the bank and during the ensuing chase similarly arose from a single incident. As a result, we remand and order the trial court to vacate two of Miller's three convictions of resisting law enforcement.

### 2. *Criminal Recklessness as Lesser Included Offense of Attempted Murder*

Miller was charged with three counts of attempted murder. Count I alleged that:

> DAYON M. MILLER, on or about APRIL 30, 1998, did attempt to commit the crime of Murder, which is to knowingly or intentionally kill another human being, that is: KEVIN STICKFORD, by engaging in conduct, that is: firing a handgun at and toward the person of KEVIN STICKFORD, with the intent to kill KEVIN STICKFORD, which conduct constituted a substantial step toward the commission of said crime of Murder[.]

(R. at 29.) Counts II and III are identical except for the names of the police officers involved.

---

**2.** Judgments of conviction on Counts I, II and III were entered on January 8, 1999. Although the record includes no transcript reflecting the trial judge's comments at the time these judgments were entered, the judge's

comments during sentencing make it clear that the convictions of criminal recklessness were thought to be lesser included offenses of attempted murder. (R. at 340.)

Miller contends that the trial court committed reversible error when it found him guilty of three counts of criminal recklessness as lesser included offenses of attempted murder. The majority of this panel agrees that the trial court erred when it found Miller guilty of criminal recklessness as lesser included offenses of attempted murder.[3]

Our supreme court has repeatedly held that criminal recklessness is not inherently a lesser included offense of attempted murder. *See Wilson v. State*, 697 N.E.2d 466, 477 (Ind.1998), *reh'g denied*; *Tunstall v. State*, 451 N.E.2d 1077, 1079 (Ind.1983); *Humes v. State*, 426 N.E.2d 379, 383 (Ind. 1981). "[T]he offense of recklessness is not a lesser included offense of the crime of attempted murder and, further . . . there can be no crime of 'attempted recklessness.'" *Humes*, 426 N.E.2d at 383.

Neither was criminal recklessness a factually included lesser offense of all three counts charging Miller with attempted murder. The State argues:

> The charging informations reveal that the manner and means used to commit the essential elements of attempted murder include all of the elements of criminal recklessness. *See Shoup v. State*, 570 N.E.2d 1298, 1303 (Ind.Ct. App.1991) (citing *Jones v. State*, 519 N.E.2d 1233, 1234 (Ind.1988)). Criminal recklessness is a[sic] factually included in a count of attempted murder when the charging instrument reflects a substantial risk of bodily injury and facts that show the defendant knowingly or intentionally attempted to kill another human being by firing a handgun at or toward that person. *See Shoup*, 570 N.E.2d at 1303.

(Br. of Appellee at 8.)

The State's reliance on *Shoup* is misplaced. We noted in *Shoup* that in order for criminal recklessness to be a factually lesser included offense of battery, the charging instrument must allege facts that show the touching was done with a disregard of the harm that might occur. There, the charging instruments alleged that Shoup knowingly touched a child in a rude, insolent or angry manner when he struck the child on the child's legs with a belt and when he struck the child on the buttocks. We found a requested instruction on criminal recklessness was properly refused because "[t]here is nothing in these charges which indicate[s] a disregard for the consequences. . . . To the contrary, they imply that recognition or knowledge of probable consequences was present." 570 N.E.2d at 1305.

The attempted murder charges against Miller alleged that Miller attempted to knowingly or intentionally kill each of the officers by firing a handgun at each with intent to kill each. Like the charges in *Shoup*, these charges imply that recognition or knowledge of probable consequences was present. Criminal recklessness thus is not a factually lesser included offense of the attempted murder charges against Miller and the trial court erred in entering convictions of criminal recklessness as a Class D felony on the three counts of attempted murder.

Although we have decided that the trial court erred in finding Miller guilty on three counts of criminal recklessness as lesser included offenses of attempted murder, there is disagreement among the panel as to the further disposition of this case. The majority agrees that Miller cannot be retried for attempted murder, as the trial judge's ruling implicitly found him not guilty of attempted murder. The majority also agrees that Miller should not have been convicted of criminal recklessness, as criminal recklessness is not a lesser included offense of attempted murder. However, I believe that the trial court could resentence Miller to a proper lesser included offense.[4]

---

3. In his dissenting opinion, Judge Baker finds no error on this issue.

4. Judge Bailey, as indicated in his accompanying opinion, would vacate the convictions

Our supreme court held in *Ritchie v. State*, 243 Ind. 614, 618, 189 N.E.2d 575, 576 (1963) that where, under the evidence as found by the court or jury, the accused should have been adjudged guilty of a lesser included offense, an appellate court may modify the judgment by reducing the conviction to that of the lesser included offense and thus avoid a new trial.[5] *See also Nuerge v. State*, 677 N.E.2d 1043, 1047 (Ind.Ct.App.1997). The court noted in *Ritchie* the general rule that a "reviewing court, in a proper case, may modify a judgment of conviction below and affirm it as a conviction of a lesser degree of the offense charged, or of a lesser crime included therein, where the errors do not affect the conviction of the lesser offense." 243 Ind. at 619, 189 N.E.2d at 577, *quoting* 5 Am.Jur.2d *Appeal and Error* § 938. We have followed the *Ritchie* approach in a number of subsequent decisions. In *Anderson v. State*, 674 N.E.2d 184, 185–86 (Ind.Ct.App.1996), the defendant was found guilty of aggravated battery as a lesser included offense of attempted murder. On appeal, the aggravated battery conviction was vacated, and the case was remanded "with instructions to enter judgment and sentence on the offense of battery with a deadly weapon, a class C felony, a lesser included offense of attempted murder."

In *Lane v. State*, 175 Ind.App. 543, 548, 372 N.E.2d 1223, 1225–27 (1978), the defendant was charged with first degree burglary and convicted of the included offense of theft of property with a value of $100 or more. On appeal, defendant's sufficiency of the evidence claim was found meritorious, and the cause was "remanded to the trial court with instructions to vacate the judgment and sentence as to the offense of theft of property valued in excess of $100, to enter judgment upon the necessarily lesser included verdict of guilty for the offense of theft of property valued at less than $100, and to impose sentence accordingly." *See also Nunn v. State*, 601 N.E.2d 334, 339–40 (Ind.1992) ("[W]e remand this case to the trial court with instructions to vacate the judgment and sentence to the offense of murder, to enter judgment upon the lesser included offense of involuntary manslaughter, and to impose sentence on the involuntary manslaughter conviction."); *Johnson v. State*, 594 N.E.2d 817, 820–21 (Ind.Ct.App.1992) (reversing conviction of dealing in cocaine and remanding with instructions to enter a judgment of conviction on the lesser included offense of possession of cocaine); *Isom v. State*, 589 N.E.2d 245, 248 (Ind.Ct.App.1992) (reversing conviction of dealing in cocaine, and remanding with instructions to enter judgment of conviction of possession of cocaine); *Gilliam v. State*, 508 N.E.2d 1270, 1271 (Ind.1987) (reversing conviction of attempted burglary, and remanding with instructions to enter a conviction on the lesser included offense of attempted criminal trespass).

In *Martin v. State*, 714 N.E.2d 1140 (Ind.Ct.App.1999), Martin was charged with attempted murder and found guilty after a bench trial of criminal recklessness.

of criminal recklessness. He would find that the "trial court found insufficient evidence to support the charges of attempted murder, and evidently, any of the inherently included lesser offenses of attempted murder." (Op. at 357). Further, he believes the language contained in the charging informations prevents Miller from being tried on recklessness charges unless new charges alleging criminal recklessness are filed by the prosecutor.

5. The *Ritchie* court found that its discretion to so modify sentences was premised upon Burns' Ann. St. § 9–2321, which provided in pertinent part that "[o]n appeal, the court may reverse, modify, or affirm the judgment appealed from, and may, if necessary or proper, order a new trial. In any case, the cause must be at once remanded to the trial court, with proper instructions...." Similar provisions are now included in Ind. Appellate Rule 15(N). However, the *Ritchie* court noted that "[t]here are a number of states without any constitutional or statutory authority specifically authorizing modification or alteration of judgments on appeal in criminal cases; yet the high courts of those states have found that they have inherent discretion to do so." 243 Ind. at 622, 189 N.E.2d at 578.

In a memorandum decision, we vacated Martin's conviction of criminal recklessness as an improper lesser included offense of attempted murder and remanded for resentencing. On resentencing, Martin was found guilty of attempted battery with a deadly weapon, a proper lesser included offense of attempted murder. Martin appealed, arguing that double jeopardy was implicated. We disagreed, and noted that in determining whether Martin had been properly resentenced, we would look to the elements of the crime originally charged (attempted murder) rather than the crime of which he was convicted (criminal recklessness).

Here, as in *Martin*, the elements of the crimes Miller committed fall within the ambit of attempted battery with a deadly weapon. The elements of that crime are 1) the commission of a substantial step toward 2) knowingly or intentionally 3) touching another person 4) in a rude, insolent or angry manner 5) by means of a deadly weapon. *Matthews v. State*, 476 N.E.2d 847, 849 (Ind.1985). Based on the evidence presented at trial, Miller could be resentenced to three convictions of attempted battery with a deadly weapon, a Class C felony, without any violation of Miller's double jeopardy protections.[6]

■ Thus, while a majority agrees that Miller's convictions of three counts of criminal recklessness were error, a consensus cannot be reached with respect to the further disposition of the case. The consequence of this lack of consensus in such a situation appears to be a question of first impression in Indiana.

We believe the correct resolution is that articulated in *Smith v. United States*, 30 U.S. (5 Pet.) 292, 303, 8 L.Ed. 130 (1831). Under the *Smith* approach, where a majority of the judges votes that a judgment should be reversed the judgment will be reversed, even though there are several opinions presented which state different grounds for reversal and even though no majority favors any one of the opinions. *See Federal Procedure, Lawyers Edition* § 3:790 (1994). The effect of a reversal in that situation is to annul the judgment below. The reversal is an adjudication only of the matters expressly discussed and decided—the matters that are decided on appeal become the law of the case in future proceedings on remand and re-appeal. *Id.* § 3:792. In *Smith*, a majority of the Court found no error with regard to each individual allegation of error. However, "on the question of reversal, the minorities unite, and constitute a majority of the court." 30 U.S. at 303. The Court reversed the judgment below and remanded for further proceedings in conformity with its opinion.

We acknowledge that some state courts follow an opposite approach, holding that when a majority concludes there is prejudicial error but no majority agrees on some specific ground of error fatal to the judgment, the judgment must be affirmed. *E.g., State v. Gustafson*, 121 Wis.2d 459, 359 N.W.2d 920 (1985).

We decline to follow the *Gustafson* approach for two reasons. First, that approach can, in some cases, lead to a fundamentally unfair result where a court majority can declare that there was unfairness below, but can at the same time refuse to do anything about it. *Id.* at 924 n. 2 (Abrahamson, J., dissenting). Second, the *Gustafson* approach would be inappropriate in the case before us because here, a majority does agree on the specific nature of the trial court error. It is un-

6. Ind. Appellate Rule 15(N) authorizes this court, upon reversal of the trial court's judgment, to order entry of final judgment or correction of a judgment subject to correction. "The court shall direct final judgment to be entered or shall order the error corrected without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper." This rule reflects a policy that a reviewing court should direct a final judgment on a pure question of law or a mixed question of law and fact. *Cooper v. State*, 540 N.E.2d 1216, 1221 (Ind.1989).

able to agree only on the further disposition of Miller's case in light of that error.

Reversed and remanded in part, and affirmed in part.

BAKER, J., and BAILEY, J., concurring in part and dissenting in part.

BAKER, Judge, concurring in part and dissenting in part.

I join my colleagues and concur in the reversal of two of Miller's three convictions for resisting law enforcement. However, I cannot agree with the conclusion that the trial court erred in convicting Miller of three counts of criminal recklessness.

I acknowledge that criminal recklessness is not an inherently lesser-included offense of attempted murder as our supreme court decided in *Wilson v. State*, 697 N.E.2d 466, 477 (Ind.1998). In my view, however, the circumstances presented here support a conclusion that the recklessness offense was indeed a factually included offense of attempted murder. Specifically, the charging informations alleged that Miller shot "at and toward" three police officers. Record at 28. This court has observed that such conduct creates a substantial risk of bodily harm. *See Carter v. State*, 634 N.E.2d 830, 834 (Ind.Ct.App.1994) (defendant's act of shooting toward victims was sufficient to support criminal recklessness convictions). Moreover, it may also be said that Miller "disregarded the consequences of his actions" when he engaged in such conduct. While the trial court presumably could not determine that Miller had the requisite intent to commit murder in light of the evidence that was presented, it is apparent that Miller knew or should have known that shooting toward the officers created a substantial risk of bodily harm to them. As a result, there lies the inference of a *mens rea* sufficient to support Miller's convictions for criminal recklessness.

I would also note that while the majority points to *Shoup v. State*, 570 N.E.2d 1298 (Ind.Ct.App.1991), *trans. denied*, for the proposition that the convictions must be vacated, the charging information in that case alleged an actual touching which constituted the offense of battery. There, we upheld the trial court's refusal to tender an instruction on criminal recklessness because there was nothing in those charges indicating a disregard for the consequences on the part of the defendant. *Id.* at 1305. Inasmuch as Miller was charged with attempted murder, it is my view that the trial court could have found that Miller acted recklessly and held a disregard for the consequences even though the evidence failed to show that Miller intended to kill the officers. *See Beeman v. State*, 232 Ind. 683, 692, 115 N.E.2d 919, 923 (1953) (to be guilty of a reckless disregard for the safety of others, it is not necessary that one intend the harm which results from it). As a result, I would affirm Miller's three convictions for criminal recklessness.

BAILEY, Judge, concurring in part and dissenting in part

While I agree that Miller's three convictions for criminal recklessness should be reversed, I must depart from that portion of the decision directing the trial court to enter convictions on the lesser-included offense of attempted battery with a deadly weapon.

Our Supreme Court established long ago that criminal recklessness is not an inherently lesser-included offense of attempted murder because the crime of attempted murder requires that a defendant acted with specific intent, and there is no element of specific intent in the offense of recklessness. *Humes v. State*, 426 N.E.2d 379, 383 (Ind.1981). Furthermore, as the lead opinion notes, criminal recklessness cannot be a factually included lesser offense of attempted murder in the present case because the charging information does not indicate that Miller disregarded the consequences of his actions. To the contrary, the charging information specifi-

cally states that Miller fired a handgun "with the intent to kill." (R. 29). *See Shoup v. State*, 570 N.E.2d 1298 (Ind.Ct. App.1991).

It is well-established that due process requires a defendant be given notice of the crime or crimes with which he is charged so that he can prepare his defense. *Lewis v. State*, 413 N.E.2d 1069, 1071 (Ind.Ct. App.1980). Absent sufficient notice that a particular offense is charged, a defendant cannot be convicted of that crime. *Id.* Here, the prosecutor charged Miller with attempted murder. The charging information contained no language indicating that Miller had been reckless. Thus, Miller was not put on notice that he might possibly be found guilty of engaging in reckless criminal activity.

Indiana case law that addresses variances in a charging information and proof adduced at trial utilizes a legal analysis comparable to the one presented in this case. When a charging information differs from the proof at trial, our courts examine whether the defendant was misled by the variance in preparation and maintenance of his defense, whether he was prejudiced thereby, and whether he will be protected in the future against double jeopardy. *Mitchem v. State*, 685 N.E.2d 671, 677 (Ind.1997). Here, the State's failure to either charge Miller with criminal recklessness or to include language alleging recklessness in the charging information prevented Miller from presenting a defense to any allegation of recklessness. Although the evidence presented at trial establishes that the prosecutor might have charged Miller with several different crimes, the prosecutor chose not to do so. Neither this Court nor the trial court may go back in an attempt to "fix" what the prosecutor chose not to do. The trial court found insufficient evidence to support the charge of attempted murder and, evidently, any of the inherently included lesser-offenses of attempted murder.

The trial court determined that Miller committed the crime of criminal reckless-ness when he shot at the police officers. This Court has previously held that "[A] defendant convicted of a lesser and included offense has been impliedly acquitted of the greater offense." *Anderson v. State*, 674 N.E.2d 184, 188 (Ind.Ct.App.1996) (quoting *Bennett v. State*, 174 Ind.App. 663, 369 N.E.2d 949 (1977)). Thus, in convicting Miller of criminal recklessness, the trial court impliedly acquitted Miller of attempted murder. The fact that criminal recklessness is not a lesser-included offense of attempted murder has no effect on this portion of the analysis. This is because in impliedly acquitting Miller of attempted murder, the trial court determined that the evidence was insufficient to find as a matter of law that Miller knowingly or intentionally fired the handgun at the officers.

The present case is comparable to the situation where an appellate court has reversed a conviction due to the insufficiency of the evidence. In such an instance, the rule against placing a defendant in double jeopardy prevents the appellate court from remanding for a retrial on the same charge. *Redman v. State*, 679 N.E.2d 927, 928–929 (Ind.Ct.App.1997). The basis of this rule is that reversal for insufficiency of the evidence establishes that the government has failed to prove its case. *Warner v. State*, 579 N.E.2d 1307, 1311 (Ind. 1991). In the present case, the trial court, like a reviewing court on appeal, found that the government failed to prove each element of the attempted murder charges. Therefore, because the trial court found that the State failed to prove that Miller acted knowingly or intentionally in firing the handgun, the State is precluded by principles of double jeopardy from retrying Miller on any lesser-included offense requiring proof of these elements.

The three charges as listed in the information in the present case are identical except for the names of the police officers. Each states that:

> DAYON M. MILLER, on or about
> APRIL 30, 1998, did attempt to commit

the crime of Murder, which is to knowingly or intentionally kill another human being, that is: [POLICE OFFICER], by engaging in conduct, that is: firing a handgun at and toward the person of [POLICE OFFICER], which conduct constituted a substantial step toward the commission of said crime of Murder[.]

(R. 29).

The subsequent convictions for criminal recklessness indicate that the trial court found Miller did in fact fire a handgun at the police officers. However, the convictions for criminal recklessness further indicate that the trial court found the State had failed to prove that Miller acted knowingly or intentionally when he fired the handgun at the police officers. Despite this factual finding, the lead opinion instructs the trial court to enter convictions on lesser-included offenses that, by definition, include knowingly or intentionally as an element.

Although I agree that we may remand to the trial court to enter a conviction on a lesser-included offense where the evidence supports an assurance that the fact-finder would have convicted the defendant of that lesser-included offense, I do not agree that under the facts of this case we can direct the trial court to change its factual finding. The trial court has already determined that Miller acted recklessly, and has therefore impliedly acquitted Miller of any crime requiring proof that he acted knowingly or intentionally when he fired the handgun at the officers. To now instruct the trial court to enter judgment on a crime requiring specific intent violates all concepts of fundamental fairness and further violates Miller's guarantee against double jeopardy.[7]

7. Although I am constrained by double jeopardy principles to instruct the trial court to vacate the judgments for criminal recklessness, I do not believe double jeopardy principles preclude the prosecutor from filing new charges against Miller consistent with this opinion. *See Redman v. State,* 679 N.E.2d 927, 928 (Ind.Ct.App.1997) (stating that, "[O]nce a court has vacated the conviction of

Based on the foregoing, I would affirm with regard to Miller's convictions of resisting law enforcement and reverse and vacate Miller's three convictions of criminal recklessness.

an accused to grant a new trial, that person is placed in a position as if he had never been tried upon that charge at all[,]" and explaining that the basis for this rule is that trial error does not indicate anything about the guilt or innocence of the defendant) (quoting *Moore v. State,* 653 N.E.2d 1010, 1019 (Ind. Ct.App.1995)).