Michael **CHILDS,** Appellant–Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

No. 49A02–0711–CR–944.

Court of Appeals of Indiana.

May 15, 2008.

Lisa M. Johnson, Marion County Public Defender, Brownsburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jessica A. Meek, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Sr. Judge.

Michael Childs appeals his conviction for sexual battery as a class D felony.[1] Childs raises two issues, which we revise and restate as whether the trial court erred by entering judgment of conviction for sexual battery. We reverse.

The relevant facts follow. The State charged nineteen-year-old Childs with child molesting as a class B felony[2] for having sexual intercourse with twelve-year-old K.F. and child molesting as a class C felony[3] for fondling or touching K.F. The informations provided:

COUNT I

On or between April 1, 2005 and April 17, 2005, Michael Childs being at least eighteen (18) years of age, did perform or submit to sexual intercourse with [K.F.], a child who was then under the age of fourteen . . . years of age[.]

COUNT II

---

1. Ind.Code § 35–42–4–8 (2004).

2. Ind.Code § 35–42–4–3(a) (2004) (subsequently amended by Pub.L. No. 216–2007, § 42 (eff. July 1, 2007)).

3. Ind.Code § 35–42–4–3(b) (2004) (subsequently amended by Pub.L. No. 216–2007, § 42 (eff. July 1, 2007)).

On or between April 1, 2005 and April 17, 2005, Michael Childs did perform or submit to any fondling or touching with [K.F.], a child who was then under the age of fourteen ... years of age, with the intent to arouse or satisfy the sexual desires of Michael Childs[.]

Appellant's Appendix at 24.

At Childs's bench trial, K.F. testified that she was spending the night at the home of Patsy Carey, Childs's grandmother. During the night, K.F. followed Childs into the kitchen, and they kissed. They then lay on the floor, Childs pulled her pants down to her ankles and moved her underwear to the side, and they had sexual intercourse. K.F. said that Childs did not use a condom, she did not think that he ejaculated, and the incident did not last "very long." Transcript at 10.

After a bench trial, the trial court found that K.F.'s testimony was "particularly convincing" regarding Childs kissing her. Transcript at 72. However, the trial court found that K.F.'s "testimony thereafter became a bit more vague." *Id.* Specifically, the trial court noted that K.F.'s "uncertainty" on "critical points leaves doubt as to whether intercourse actually occurred." *Id.* at 73. The trial court found that "an unwanted sexual touching" had occurred. *Id.* Thus, the trial court found Childs guilty of two counts of sexual battery as class D felonies. The trial court described sexual battery as an "included offense" of child molesting as a class B felony. *Id.* The trial court then entered judgment of conviction on one count of sexual battery as a class D felony due to double jeopardy concerns. The trial court sentenced Childs to 545 days with "[a]ll time not served" suspended. *Id.* at 80. The trial court also ordered 365 days of sex offender probation and informed Childs that he could petition for alternate misdemeanor

sentencing upon successful completion of the probation.

■ The issue is whether the trial court erred by entering judgment of conviction for sexual battery. The trial court found Childs guilty of sexual battery as a class D felony, which it described as a lesser "included offense" of child molesting as a class B felony. *Id.* at 73. Childs argues that the trial court erred because sexual battery as a class D felony is not a lesser included offense of child molesting as a class B felony. Childs notes that sexual battery requires a finding that the victim was: "(1) compelled to submit to the touching by force or the imminent threat of force; or (2) so mentally disabled or deficient that consent to the touching cannot be given," *see* Ind.Code § 35–42–4–8(a), while neither the statutory language nor the charging informations for child molesting as a class B felony or child molesting as a class C felony include this element. *See* Ind.Code § 35–42–4–3.

On appeal, the State concedes that sexual battery as a class D felony is not a lesser included offense of child molesting. Appellee's Brief at 3. The State concedes that Childs's conviction for sexual battery must be vacated. The State argues, however, that we should remand with instructions to enter judgment of conviction for child molesting as a class C felony. In support of this argument, the State relies upon *Anderson v. State*, 674 N.E.2d 184 (Ind.Ct.App.1996).

In *Anderson*, the defendant was charged with attempted murder, but the jury found him guilty of aggravated battery as a class B felony as a lesser included offense. 674 N.E.2d at 186. On appeal, we held that the conviction for aggravated battery was improper because that crime did not exist at the time of the defendant's offense. *Id.* at 188. Thus, we held that the conviction for aggravated battery as a class B felony

had to be vacated. *Id.* We then addressed the issue of whether the defendant could be retried for the offense of attempted murder. *Id.*

We noted that:

The law is clear that where a defendant is tried and convicted of a lesser and included offense of the crime charged and a new trial is obtained, the defendant may be retried only upon the offense for which he was originally convicted. [Citations omitted]. This rule rests upon the proposition that a defendant convicted of a lesser and included offense has been impliedly acquitted of the greater offense. *See, e.g., Green v. United States* (1957) 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199. But whether an acquittal is express or implied, so long as the trier of fact is given a full opportunity to convict upon the greater charge, conviction of a lesser and included offense precludes further or later prosecution upon the greater offense.

*Id.* (quoting *Bennett v. State*, 174 Ind.App. 663, 666, 369 N.E.2d 949, 952 (1977)). We concluded that, due to the double jeopardy provision of the Fifth Amendment, the defendant could not be retried for attempted murder. *Id.* "Although the jury did not expressly acquit Anderson of attempted murder, the jury's conviction of what was thought to be a lesser included offense implies an acquittal and precludes further prosecution for attempted murder." *Id.* However, we held that the trial court could enter judgment of conviction for battery

with a deadly weapon as a class C felony, which was a lesser included offense of attempted murder. *Id.* at 189–190. Thus, we remanded with instructions that the trial court enter judgment on the offense of battery with a deadly weapon as a class C felony. *Id.* at 190.

■ The State argues that we should remand with instructions to enter judgment of conviction for child molesting as a class C felony. However, Childs was originally charged with both child molesting as a class B felony and child molesting as a class C felony. The trial court instead found Childs guilty of two counts of sexual battery as class D felonies. Childs was specifically acquitted of child molesting as a class B felony and impliedly acquitted of child molesting as a class C felony. Consequently, entry of judgment of conviction for child molesting as a class C felony would violate the prohibition against double jeopardy. *See* Ind.Code § 35–41–4–3(a) ("A prosecution is barred if there was a former prosecution of the defendant based on the same facts and for commission of the same offense and if ... the former prosecution resulted in an acquittal or a conviction of the defendant (A conviction of an included offense constitutes an acquittal of the greater offense, even if the conviction is subsequently set aside.) . . . .").

■ We conclude that the trial court erred by entering judgment of conviction for sexual battery as a class D felony, and we vacate that conviction.[4] Moreover, due

---

4. Alternatively, Childs argues that the evidence was insufficient to sustain a conviction for sexual battery as a class D felony. The offense of sexual battery as a class D felony is governed by Ind.Code § 35–42–4–8(a), which provides: "A person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person, touches another person when that person is: (1) compelled to submit to the touching by

force or the imminent threat of force; or (2) so mentally disabled or deficient that consent to the touching cannot be given; commits sexual battery, a Class D felony." There was no evidence presented that K.F. was "compelled to submit to the touching by force or the imminent threat of force" or that she was "so mentally disabled or deficient that consent to the touching" could not be given. Ind.Code § 35–42–4–8(a). Consequently, the

to double jeopardy, Childs cannot be re-tried on the child molesting as a class B felony or child molesting as a class C felony charges. *See, e.g., Anderson,* 674 N.E.2d at 188.

For the foregoing reasons, we reverse Childs's conviction for sexual battery as a class D felony.

Reversed.

NAJAM, J., and DARDEN, J., concur.

evidence is insufficient to sustain the conviction for sexual battery. *See, e.g., Chatham v. State,* 845 N.E.2d 203, 208 (Ind.Ct.App.2006) (holding that the evidence was insufficient to show that the defendant compelled the victim to submit to the touching by force or imminent threat of force).