**Sean MILLER, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 49S00–9807–CR–399.

Supreme Court of Indiana.

Sept. 22, 1999.

Belle T. Choate, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Sean Miller was convicted of rape and three counts of criminal deviate conduct, found to be a habitual offender, and sentenced to an aggregate term of 120 years imprisonment. He raises the following issues on appeal:

(1) Did the trial court properly exclude testimony concerning Miller's claimed prior sexual involvement with the victim?

(2) Did the trial court correctly respond to the jury's request to review testimony?

(3) Did the trial court state sufficient reasons to support the imposition of con-secutive, rather than concurrent, sentences?

We affirm the judgment of the trial court.

## Factual and Procedural Background

Miller testified at trial and admitted that he had both intercourse and oral sex with the alleged victim, A.W., on the night of February 10, 1997, but claimed that the encounter was consensual. According to Miller, he and the alleged victim, A.W., had been engaged in a sexual relationship for over two years.

A.W., on the other hand, testified that she and Miller had been friends for some time but had had no sexual relationship before the evening in question. Miller came to her apartment and the two watched a movie. At approximately 2:00 a.m., another man named "Eric" arrived at the apartment. Shortly after Eric arrived, Miller went to the kitchen under the pretense of obtaining a drink and returned with a knife. Miller began struggling with A.W. on the floor. Then Eric and Miller took A.W. into her daughter's room where both men sexually assaulted A.W. at knife point, after threatening to kill her. After the men left the apartment A.W. called the police.

Eric was never found or charged. Miller was arrested and charged with rape and four counts of criminal deviate conduct, and was also charged as a habitual offender. He was acquitted of one count of criminal deviate conduct, but convicted of the remaining counts and the habitual offender enhancement.

## I. Evidence of Prior Sexual Relationship with the Victim

■ Miller claims that evidence of his past sexual relationship with A.W. was improperly excluded under Indiana Evidence Rule 412, Indiana's Rape Shield Rule. Miller tendered testimony at a pretrial hearing from a witness claiming to have overheard conversations between Miller and A.W. concerning their prior sexual rela-

tions. A pretrial order ruled this testimony inadmissible. At trial, Miller made no offer to prove and presented no challenge to this pretrial ruling. We agree with Miller that the trial court's pretrial ruling was erroneous. Rule 412(a)(1) contains an express exception for "evidence of the victim's ... past sexual conduct with the defendant."

■■■ A pre-trial hearing or a motion in limine is appropriate to determine the admissibility of evidence outside of the jury's hearing in order to avoid prejudice. *See Hadley v. State*, 496 N.E.2d 67, 71 (Ind. 1986). However, in order to preserve an error for appellate review, a party must do more than challenge the ruling on a motion in limine. *See Tyra v. State*, 506 N.E.2d 1100, 1102–03 (Ind.1987); *Johnson v. State*, 472 N.E.2d 892, 908 (Ind.1985). "[T]o raise the question of error, the evidence must be offered at trial to give the trial court an opportunity to rule on its admissibility at that time." *Tyra*, 506 N.E.2d at 1103 (citations omitted). This requirement has been explicitly held applicable to exclusions under the Rape Shield doctrines, even though Rule 412 and the Rape Shield Law include specific provisions for ruling on the admissibility of the proposed evidence after pretrial notice and hearing. *See Shaw v. State*, 489 N.E.2d 952, 954 (Ind.1986); *Tyson v. State*, 619 N.E.2d 276, 289 & n. 13 (Ind.Ct.App. 1993).[1] Because Miller failed at trial to offer the evidence excluded at the pre-trial hearing, he has not preserved the error for appellate review.

## II. Trial Court's Response to Jury's Note

Miller alleges that the trial court erred in its response to a jury request to hear Miller's testimony again. The jury sent a note requesting to "review Sean Miller's testimony on direct testimony and the transcript of the taped statements of Sean Miller's March, 1997 statement to Detec-

tive Frazier." After discussing the note with both parties on the record, the trial court responded with a note stating:

[t]he law does not permit me to allow you to review testimony unless you have a disagreement as to the testimony. If you simply cannot recall the testimony, then you are required to decide the case based on your memory of the witnesses' testimony. If you do have a disagreement, please indicate that in writing on this paper and give it back to Candi [the bailiff] now.

The State and defense counsel both agreed to the trial court's response before it was sent to the jury. The jury replied, "[w]e simply cannot recall. We understand your ruling."

### A. Fundamental Error

■■■ Generally, failure to preserve an issue at trial results in waiver of the issue on appeal. Because the defense concurred in the trial court's handling of this matter, Miller argues that the trial court committed fundamental error "in advising the Jury as to the question of 'recall.'" This Court may address issues that were not preserved if they constitute fundamental error. *See Ben–Yisrayl v. State*, 690 N.E.2d 1141, 1150 (Ind.1997). To constitute fundamental error, the "defendant must show that the error was a substantial and blatant violation of basic principles which rendered the result of the trial unfair." *Roach v. State*, 695 N.E.2d 934, 942 (Ind.1998).

■■■ Miller cites no authority for the proposition that the trial court's handling of this issue was error. In any case, the trial court's response to the jury's note certainly does not rise to the level of rendering the entire trial unfair. In *Reynolds v. State*, 460 N.E.2d 506, 508–09 (Ind. 1984), this Court was presented with a similar situation. In that case, the trial court instructed the jury after delibera-

---

**1.** Although *Shaw* and *Tyson* were decided under Indiana's Rape Shield Law, it is substantially similar to Indiana Evidence Rule 412. *See* IND.CODE § 35–37–4–4 (1998).

tions had begun, without informing the defense counsel or the defendant and without calling the jury into open court. Although the trial court's actions in *Reynolds* were inappropriate, this Court held that the issue was waived because it was not preserved at trial and also did not constitute fundamental error. *Id.* Those facts are certainly more egregious than the current case where the trial court wrote a note to the jury with the State, defense counsel, and the defendant present.

### B. *Due Process Claim*

Miller further contends that "since the Court determined to instruct the jury, through her note, as to the nature of 'recall' that their ambiguous response stating that they did not recall must be examined further.... [I]f the Jury could not recall his testimony—then its decision was made without considering all of the evidence, den[ying Miller] fundamental due process." Miller cites no authority for the proposition that the jury's failure to recall an unspecified portion of his testimony raises a due process issue. In any event, a due process claim was not preserved because Miller did not present it to the trial court, and requested no further inquiry into the jury's lack of collective memory. *See Reynolds,* 460 N.E.2d at 508 ("[W]e cannot allow a party to permit a court's action to go unchallenged and then attempt to raise the court's action as error on appeal."). Therefore, any error in the trial court's failure to inquire further into the jury's ability to recall is waived.

### III. Sentencing

Miller was convicted of three counts of criminal deviate conduct and received forty years for each count to be served concurrently. Miller was also convicted of one count of rape and was sentenced to fifty years imprisonment with an enhancement of thirty years for the habitual offender status. The trial court ordered that the rape sentence and the criminal deviate conduct sentences be served consecutively for a total sentence of 120 years after the habitual offender enhancement of thirty years.

The trial court found four aggravating factors: Miller's prior adult criminal record, that the instant offense occurred while Miller was still serving the executed sentence for another crime at a community corrections program, prior attempts at rehabilitation had failed, and the cruelty and humiliation involved in the instant offense. Miller does not contest the propriety of any of these aggravators, and does not challenge the imposition of the enhanced sentences. His sole contention is that the trial court's imposition of a consecutive sentence is inappropriate because the trial court failed to state specific reasons to support consecutive sentences other than those cited in imposing a sentence greater than the presumptive.

At least one aggravating factor is required to impose an enhanced or consecutive sentence, *see Davidson v. State,* 558 N.E.2d 1077, 1092 (Ind.1990), and the same factor may both enhance a presumptive sentence and justify consecutive sentences. *See Taylor v. State,* 710 N.E.2d 921, 924–25 (Ind.1999); *Reaves v. State,* 586 N.E.2d 847, 852 (Ind.1992). Miller's prior criminal history and his violation of the conditions of his last criminal offense are factors listed in Indiana Code § 35–38–1–7.1(b) to be considered when evaluating whether to impose an enhanced sentence or a consecutive sentence. Because the trial court found four aggravating circumstances, two of which were statutory, and only one factor is sufficient to impose consecutive sentences, there was no error in sentencing.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and SELBY, JJ., concur.