**Dayon MILLER, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 49S02–0008–CR–505.**

Supreme Court of Indiana.

Aug. 29, 2001.

Kathleen M. Sweeny, Kiefer & McGoff, Indianapolis, IN, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Randi E. Froug, Andrew L. Hedges, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Defendant Dayon Miller was charged with three counts of attempted murder for firing at three police officers. Following a bench trial, the trial court convicted Defendant of criminal recklessness. The Court of Appeals panel reversed on grounds that criminal recklessness here was not a lesser included offense of attempted murder. We find that Defendant

did not preserve the issue for appeal and affirm the trial court's judgment.

### Background

On April 30, 1998, Defendant Dayon Miller robbed a bank in Indianapolis. Defendant got into a vehicle, led police on a high-speed chase, and then abandoned the car. Marion County Deputy Sheriff Kevin Stickford, Deputy Ronald Knight, and Detective Mark Hess all pursued Defendant on foot. As he attempted to escape, Defendant fired a handgun at the three police officers. The officers shot Defendant and he surrendered.

The State charged Defendant with three counts of Attempted Murder [1] for shooting at Deputy Stickford, Deputy Knight, and Detective Hess, three counts of Resisting Law Enforcement,[2] two counts of Robbery,[3] four counts of Criminal Confinement,[4] and Auto Theft.[5] After a bench trial held on January 7, 1999, the trial court found Defendant guilty of all charged offenses except for the attempted murder charges. Instead, the trial court found Defendant guilty of three counts of criminal recklessness as factually lesser included offenses of attempted murder. The trial court sentenced Defendant to serve a total of 39 years in the Department of Correction.

The Court of Appeals unanimously vacated two of the three convictions of resisting law enforcement. *See Dayon Miller v. State,* 726 N.E.2d 349, 352 (Ind.Ct.App. 2000). However, by a 2–1 split vote, the court held that the trial court erred when it found Defendant guilty of criminal recklessness [6] as a factually lesser-included offense of attempted murder.[7] *Id.* at 353. The State sought, and was granted, transfer. The State appeals to us to reinstate the trial court's guilty findings of criminal recklessness, but does not take issue with the Court of Appeals's decision vacating the two convictions of resisting law enforcement.

### Discussion

Defendant challenges his three convictions of criminal recklessness on appeal by pointing to a series of cases in which we found that the trial court did not err in failing to provide jury instructions for criminal recklessness as a factually lesser-included offense of attempted murder. *See* Appellant's Br. at 8–9 (citing *Wilson v. State,* 697 N.E.2d 466, 477 (Ind.1998), *reh'g denied; Tunstall v. State,* 451 N.E.2d 1077, 1079 (Ind.1983); *Humes v. State,* 426 N.E.2d 379, 383 (Ind.1981)). Defendant contends that the State should not have been entitled to secure three convictions of criminal recklessness because he was not charged with criminal recklessness, nor

---

**1.** Ind.Code § 35–41–5–1 (1993) and Ind.Code § 35–42–1–1 (1998).

**2.** *Id.* § 35–44–3–3 (1993).

**3.** *Id.* § 35–42–5–1.

**4.** *Id.* § 35–42–3–3.

**5.** *Id.* § 35–43–4–2.5.

**6.** Criminal recklessness is defined as "A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person." Ind. Code § 35–42–2–2(b)(1).

**7.** Here, the charging information for the three separate attempted murder counts of each Ronald Knight, Kevin Stickford, and Mark Hess read as follows:

> Dayon M. Miller ... did attempt to commit the crime of Murder, which is knowingly or intentionally kill another human being, that is [the victim], by engaging in conduct, that is: firing a handgun at and toward the person of [the victim], with the intent to kill [the victim], which conduct constitute a substantial step toward the commission of said crime of Murder.

(R at 29.)

was criminal recklessness (on authority of *Wilson, Tunstall,* and *Humes*) a lesser-included offense of any offense for which he had been charged.

Even if Defendant is correct that criminal recklessness was not a factually lesser-included offense here,[8] we conclude that he is not entitled to relief.

■ Defendant did not provide us with a transcript of the January 8, 1999, hearing in which the trial court found him guilty on three counts of criminal recklessness instead of three counts of attempted murder. (*See* Chronological Case Summary, R. at 13–14, 290.) Defendant gave no explanation as to why the proceeding was missing from the record. Defendant, as the appellant, has the responsibility to present a sufficient record that supports his claim in order for an intelligent review of the issues. *See Garrett v. State,* 714 N.E.2d 618, 622 (Ind.1999) (citing *Turner v. State,* 508 N.E.2d 541, 543 (Ind.1987), *reh'g denied* ); *Smith v. State,* 422 N.E.2d 1179, 1182 (Ind.1981). *See also* Ind. Appellate Rule 7.2(B) (see now Ind. Appellate Rules 2 and 27). We have held that without submitting a complete record of the issues for which an appellant claims error, the appellant waives the right to appellate review. *See Smith,* 422 N.E.2d at 1182; *Rondon v. State,* 534 N.E.2d 719, 729 (Ind.), *cert. denied,* 493 U.S. 969, 110 S.Ct. 418, 107 L.Ed.2d 383 (1989). The record does contain the transcript of the February 5, 1999, sentencing hearing at which the court described criminal recklessness as a lesser-included offense of attempted murder. But such ruling had already been made almost a month earlier at the January 8th hearing. Without a transcript of the January 8th hearing, we are unable to discern whether (1) the trial court *sua sponte* found Defendant guilty of criminal recklessness and Defendant objected or failed to object; or (2) the prosecutor amended the information reducing the charges and Defendant objected or failed to object; or (3) the Defendant requested that criminal recklessness be considered in lieu of attempted murder. As to the third scenario, it should go without saying that if Defendant asked for the court to consider criminal recklessness as a lesser-included offense, he cannot claim reversible error on appeal.

■ If, on the other hand, the first or second scenarios occurred, Defendant would not have properly preserved the issue for appellate review. Failure to object waives any error for review. *See Mitchell v. State,* 726 N.E.2d 1228, 1235 (Ind.2000), *reh'g denied; Miller v. State,* 716 N.E.2d 367, 370 (Ind.1999). Suggesting recognition that no objection was made, Defendant asserts that the trial court committed fundamental error in finding that criminal recklessness was a lesser-included offense of attempted murder. The fundamental error doctrine permits a reviewing court to consider the merits of an error not properly preserved for appeal. *See Miller,* 716 N.E.2d at 370. Even if the trial court was incorrect in ruling criminal recklessness as a lesser-included offense of attempted murder,[9] there is no fundamental error in finding Defendant guilty of criminal recklessness. *See Wright v. State,* 658 N.E.2d 563, 567–

---

8. In his dissent in this case, Judge Baker makes a respectable argument that criminal recklessness was a factually included offense of attempted murder here. *See Miller,* 726 N.E.2d at 353 (Ind.Ct.App.2000) (Baker, J., concurring in part and dissenting in part).

9. *Compare Ellis v. State,* 736 N.E.2d 731 (Ind. 2000) and *Wilson,* 697 N.E.2d at 477 (both holding that criminal recklessness was not a factually included offense of attempted murder) *with Miller,* 726 N.E.2d at 353 (Ind.Ct. App.2000) (Baker, J., concurring in part and dissenting in part).

68 (Ind.1995) ("Even had the offense on which the trial court instructed the jury in this case been neither inherently nor factually included in the offense charged, it was not fundamental error to convict [the defendant] of that lesser offense."). This is particularly true here where Defendant makes no claim on appeal that there was insufficient evidence to support his convictions for criminal recklessness.

■ The way in which we analyze a more familiar claim helps illustrate why Defendant is not entitled to relief here. Occasionally, a prosecutor will seek permission to conform charges to the evidence presented during trial such that a jury is given the opportunity to convict on a lesser-included offense as opposed to those originally charged. See Ind.Code § 35–34–1–5(c) (allowing amendments that do not prejudice the substantial rights of the defendant); see also Sides v. State, 693 N.E.2d 1310, 1313 (Ind.1998). If the amended charges are not lesser included of those originally charged, the defendant is entitled to object to the request, and if overruled, seek a continuance to prepare his case in light of the amendments. See Haak v. State, 695 N.E.2d 944, 951 n. 5 (Ind.1998); Wright v. State, 690 N.E.2d 1098, 1104 (Ind.1997), reh'g denied; Davis v. State, 714 N.E.2d 717, 722 (Ind.Ct.App. 1999), transfer denied; see also Ind.Code § 35–34–1–5(d). But if the defendant remains silent and the jury convicts him on the amended charge, the defendant is not entitled to appellate relief. See Wright, 690 N.E.2d at 1104. The present case is analogous. Defendant stands convicted of offenses which arguably are not lesser included offenses, but he apparently did not object to the court's ruling or ask for a continuance to further prepare his case. Under such circumstances, Defendant is not entitled to relief.

## Conclusion

Having previously granted transfer, we now summarily affirm the opinion of the Court of Appeals with respect to vacating two of the three resisting law enforcement charges, see Ind. Appellate Rule 11(B)(3) (see now Ind. Appellate Rule 58(A)), and affirm the trial court's judgment as to the three convictions of criminal recklessness.

SHEPARD, C.J., and RUCKER, J., concur.

BOEHM, J., concurs in result with a separate opinion in which DICKSON, J., concurs.

BOEHM, Justice, concurring in result.

I agree with Judge Baker that the trial court's convictions for three counts of criminal recklessness should be affirmed for the reason he gave: those crimes were factually lesser included offenses and the charging instrument put Miller properly on notice of those crimes.

I agree with the majority that Miller has not preserved the issue because of the omission of the transcript of the trial. However, I do not agree with the majority that waiver arose from failure to object at trial. If this situation had arisen in a jury trial, the defendant would have had an opportunity to object to the jury instructions on lesser included offenses. However, in this bench trial, followed by the trial court's announcing a result of conviction on the lesser included offense, I do not see at what point Miller would have had the opportunity to object. If the trial proceeded as most bench trials, there was no point in the trial before the result was announced at which this issue would have been raised. And an objection after the trial court had announced its verdict would be a useless act. The trial court had already acquitted Miller of attempted murder, and presumably could not backtrack on that even if it

were so inclined. Nor would the trial court be willing to find the defendant not guilty of any crime.

It seems to me that for purposes of waiver Miller's claim here is analogous to a claim that the evidence does not support the verdict. That would presumably be the contention if, after hearing the evidence, the trial court here had acquitted Miller of attempted murder but convicted of, say, arson. There would be no need to present to the trial court the contention that there is no evidence of use of fire before that judgment could be appealed. Now that there is no longer any requirement that a motion to correct errors precede an appeal, a wrong result on the record that is raised for the first time by the verdict itself is appealable without further trial court proceedings. That is what Miller's contention is here. For that reason, although I disagree with Miller on the merits of his claim, I do not see how his issue could have been presented to the trial court in a meaningful way, and would not find it waived for failure to object at trial. Because I agree with the majority that Miller has failed to preserve this issue, I concur in result.

DICKSON, J., concurs.