**Leonard TITONE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 06A05–0705–CR–292.**

Court of Appeals of Indiana.

March 5, 2008.

Carolyn W. Rader, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Leonard Titone appeals his conviction for attempted obstruction of justice contending that the evidence is insufficient to support it. We conclude that Titone has waived this issue for review because he did not request a transcript of all the evidence from his entire jury trial. Given the nature of a sufficiency of the evidence challenge, Indiana Appellate Rule 9(F)(4) requires a defendant to request all the evidence from the entire trial. We therefore dismiss this appeal.

### Facts and Procedural History

On November 4, 2005, the State charged Titone with Count I: Class D felony Child Seduction and Count II: Class D felony Sexual Battery under Cause No. 06D01–0511–FD–95.[1] On November 23, 2005, the Boone Circuit Court-in connection with divorce proceedings under Cause No. 06C01–0501–DR–53 [2]-ordered Titone to

> preserve all documents, electronic data, or such other evidence which may, in any way, potentially relate to the issues in this case. More specifically, [Titone] is ordered to preserve and not destroy any documents, electronic data, photographic images or any other files, folders or other electronically stored data of any kind or nature whatsoever.

State's Ex. 2. On August 9, 2006, the State added Count III: Class D felony Obstruction of Justice and Count IV: Class D felony Attempted Obstruction of Justice. These counts alleged that from September

---

1. These counts, of which Titone was later acquitted, appear to involve his daughter.

2. According to the record in this case, the divorce case involving Titone and his ex-wife was filed in January 2005.

3, 2005, to February 24, 2006, Titone "alter[ed], damage[d], or remove[d]" or "attempt[ed] to alter, damage, or remove" "information, data, records, documents and/or things from his computer hard drives, with the intent to prevent said information, data, records, documents and/or things from being produced or used as evidence in the official proceedings and/or investigations pending at said time under [the divorce case] and [this case]...." Appellant's App. p. 64–65.

Following a January 2007 jury trial on all four counts, Titone was acquitted of Counts I and II and convicted of Count IV. The jury was unable to reach a verdict on Count III, and the trial court granted the State's motion for a mistrial on that count. The trial court sentenced Titone to a suspended term of one and one-half years and placed him on probation. Titone now appeals.

### Discussion and Decision

■  Titone raises one issue on appeal. He contends that the evidence is insufficient to support his conviction for attempted obstruction of justice. The State responds that Titone waived his challenge to the sufficiency of the evidence because "Titone requested in his Notice of Appeal that the testimony of only four witnesses be transcribed, two of which witnesses were called by the defense. Titone also requested only the exhibits that were introduced during these four witnesses' testimony." Appellee's Br. p. 5 (record citations omitted).[3] As such, the State's argument continues, "Titone has waived his challenge to the sufficiency of the evidence on appeal since the totality of the evidence presented to the jury is not present in the record on appeal." *Id.* at 6. Titone defends

his decision to have only portions of the evidence presented at his jury trial transcribed by stating, "The record of testimony from trial, not included in the record presented to this court, involved Counts I and II. In Counts I and II, no testimony was mentioned concerning [C]ount IV allegations. Additionally, Titone was acquitted of Counts I and II." Appellant's Reply Br. p. 1. Therefore, Titone's argument continues, "The record presented to this Court was only what was necessary to Count IV." *Id.*

■  Indiana Appellate Rule 9(F)(4) governs this case. That rule provides:

The Notice of Appeal shall designate all portions of the Transcript necessary to present fairly and decide the issues on appeal. *If the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal shall request a Transcript of all the evidence. In Criminal Appeals, the Notice of Appeal must request the Transcript of the entire trial or evidentiary hearing, unless the party intends to limit the appeal to an issue requiring no Transcript.*

Ind. Appellate Rule 9(F)(4) (emphasis added). Titone, as the appellant, has the responsibility to present a sufficient record that supports his claim in order for this court to conduct an intelligent review of the issues. *Miller v. State,* 753 N.E.2d 1284, 1287 (Ind.2001), *reh'g denied.* The Indiana Supreme Court has "held that without submitting a *complete* record of the issues for which an appellant claims error, the appellant waives the right to appellate review." *Id.* (emphasis added); *see also Lightcap v. State,* 863 N.E.2d 907,

---

**3.**  As acknowledged by the State, Titone later requested the testimony of a fifth witness be    transcribed.

911 (Ind.Ct.App.2007) (finding defendant's sufficiency of the evidence argument waived because he "failed to provide this court with a copy of the testimony and evidence presented at his criminal trial upon which the trial court based its decision to revoke his probation").[4]

■ Here, the record shows that Titone filed his Notice of Appeal on April 19, 2007. In the Notice of Appeal, Titone asked the court reporter to transcribe the testimony of four witnesses—Michael Booth, Garry Hendricks, Rebecca Hendricks, and Deborah Smith—and to include the exhibits introduced during their testimony. *See* Appellant's App. p. 168–69. Titone later asked the court reporter to transcribe the testimony of Penny Bogan and to include State's Exhibit 2, which was admitted during Bogan's testimony. Although Titone claims on appeal that "[t]he record presented to this Court was only what was necessary to Count IV," Appellant's Reply Br. p. 1, we have no way of confirming this. That is, how do we know that Titone did not just pick and choose the evidence most favorable to a reversal? Just because Titone believes that the non-transcribed evidence is irrelevant to his sufficiency of the evidence challenge does not mean that the jury, in fact, found that evidence to be irrelevant when finding him

guilty of attempted obstruction of justice. This is especially important given the standard of review for sufficiency of the evidence challenges. When reviewing the sufficiency of the evidence, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. *See Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007).

■ Pursuant to Appellate Rule 9(F)(4), the general rule is that in criminal cases, the transcript of all the evidence must be requested, unless the appeal is limited to an "issue" requiring no transcript. Sufficiency of the evidence is simply not one of those issues where the transcript of all the evidence cannot be requested. *See* App. R. 9(F)(4) ("If the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal shall request a Transcript of all the evidence."). It would be dangerous indeed to allow a defendant challenging the sufficiency of the evidence to select the portions of the trial testimony to be transcribed. As such, we hold that when a defendant challenges the sufficiency of the evidence, the defendant must request the transcript of all the evidence in the Notice of Appeal. And despite Ti-

4. In the civil context, the Indiana Supreme Court held in *Pabey v. Pastrick*, 816 N.E.2d 1138, 1142 (Ind.2004), *reh'g denied*, that the appellant's failure to request preparation of the transcript of the evidentiary hearing and the exhibits introduced by the other parties did not warrant dismissal of the appeal. In that case, the appellant did not contest the trial court's findings or argue that the court's conclusion was unsupported by the evidence or contrary to the evidence. *Id.* Rather, the appellant adopted the trial court's findings as his own statement of the facts. *Id.* Under these facts, our Supreme Court held that noncompliance with Appellate Rule 9(F)(4) did not justify dismissal of the appeal with prejudice. *Id.*

This court recently acknowledged *Pabey* in the case of *Fields v. Conforti*, 868 N.E.2d 507, 511 (Ind.Ct.App.2007). In *Fields*, the appellants did not submit a transcript of the bench trial upon which the trial court's findings of fact and conclusions thereon were based. *Id.* at 510. Nevertheless, we stated that we would "attempt" to address the appellants' arguments. *Id.* at 511. We noted, however, that any arguments that depended upon the evidence presented at the bench trial were waived. *Id.* Though not cited by Titone, these cases are distinguishable from the present case, where Titone, in fact, challenges the evidence presented at trial.

tone's suggestion on appeal, the State does not have an obligation to present the rest of the evidence. It is true that Appellate Rule 9(G) provides a mechanism whereby any party to an appeal may file a request for additional portions of the transcript. However, Appellate Rule 9(G) speaks in terms of "may," while Appellate Rule 9(F)(4) speaks in terms of "must." Titone has not met his obligation of presenting a sufficient record for us to fairly decide his sufficiency of the evidence challenge. Because Titone has waived this issue for review, we dismiss his appeal.

Dismissed.

SHARPNACK, J., and BARNES, J., concur.