**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**CAMERON WILLIAMS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana



FILED
Nov 07 2012, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CAMERON WILLIAMS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1109-PC-502 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
The Honorable Peggy Ryan Hart, Master Commissioner
Cause No. 49G20-0706-PC-116679

**November 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Cameron Williams appeals the denial of his petition for post-conviction relief. He presents many issues for our consideration, which we consolidate[1] and restate as:

1. Whether the post-conviction court abused its discretion when it denied Williams' request to subpoena two witnesses;

2. Whether Williams received ineffective assistance of trial counsel; and

3. Whether Williams received ineffective assistance of appellate counsel.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts of Williams' conviction are outlined in our decision on his direct appeal:

> On June 20, 2007, Leonard Hayes, a security guard working at a building at 3737 North Meridian Street in Indianapolis, observed Williams fire a handgun into the air. Williams was standing in front of the building when he fired the shots, and, at the time, there were several people sitting outside an adjacent building. Hayes helped those people inside to safety, and Hayes then followed Williams towards Pennsylvania Street. Hayes called police, who arrived a short time later and arrested Williams.
>
> The State charged Williams with two counts of carrying a handgun without a license, unlawful possession of a firearm by a serious violent felon, criminal recklessness, and being an habitual offender. The State dismissed the first two counts before trial; a jury convicted him on the unlawful possession and criminal recklessness charges; and Williams admitted to being an habitual offender. The trial court sentenced Williams to an aggregate twenty year

---

[1] Williams presents two issues we decline to address in this opinion. First, Williams argues the post-conviction court erred when it found: "Any factual allegations regarding Mr. Zapata made in either of the two petitions, but not addressed at either of the two hearings, are deemed withdrawn." (App. at 46 n.1.) We are unable to address any alleged error because the record does not contain Williams' first post-conviction petition. *See Titone v. State*, 882 N.E.2d 219, 221 (Ind. Ct. App. 2008) (the appellant "has the responsibility to present a sufficient record in order for this court to conduct an intelligent review of the issues."). In addition, Williams argues the trial court abused its discretion when admitting photographs of a gun. As this alleged error was available on direct appeal, it cannot be raised in a post-conviction petition. *See Lindsey v. State*, 888 N.E.2d 319, 323 (Ind. Ct. App. 2008) (issues available on post-conviction limited to ineffective assistance of counsel and issues unavailable to petitioner on direct appeal that resulted in fundamental error), *trans. denied*.

sentence.

*Williams v. State*, No. 49A05-0712-CR-704 (Ind. Ct. App. Aug. 6, 2008). On direct appeal, Williams argued the State did not present sufficient evidence he committed criminal recklessness and he was entitled to a new sentencing hearing because the trial court did not ask him if he had any corrections to the presentence investigation report. We affirmed.

Williams petitioned for post conviction relief on November 25, 2008,[2] and the State responded on January 13, 2009. Williams amended his petition on March 26, 2010. On May 7, Williams requested subpoenas for Gary Morrolf, an evidence technician who did not testify during Williams' trial; Anthony Zapata, Williams' trial counsel; and Andrew Borland, Williams' appellate counsel. The post-conviction court granted Williams' requests as to Zapata and Borland, but denied his request to subpoena Morrolf. On June 11, Williams requested the court subpoena Officer Shawn McCurdy, who was the arresting officer at the scene of the crime. The post-conviction court also denied that request.

On June 18, 2010, and June 24, 2011, the post-conviction court held hearings on Williams' petition for post-conviction relief. During the first hearing, Williams appeared *pro se*, but during the second, he had counsel to represent him. The post-conviction court denied Williams' petition on August 25, 2011.

**DISCUSSION AND DECISION**

Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763

---

[2] Williams' original petition for post-conviction relief is not included in the record.

N.E.2d 441, 443 (Ind. 2002), *reh'g denied, cert. denied* 537 U.S. 1122 (2003). As post-conviction proceedings are civil in nature, the petitioner must prove his grounds for relief by a preponderance of the evidence. *Id.* A party appealing a post-conviction judgment must establish that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to that reached by the post-conviction court. *Id.* Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation and citation omitted), *reh'g denied, cert. denied* 534 U.S. 830 (2001).

1.      Denial of Request for Subpoenas

When determining whether to issue subpoenas, the post-conviction court has broad discretion, and we will reverse its decision only for an abuse of that discretion. *Johnson v. State*, 832 N.E.2d 985, 994 (Ind. Ct. App. 2005), *trans. denied*. "An abuse of discretion has occurred if the court's decision is against the logic and effect of the facts and circumstances before the court." *Id.* "If the *pro se* petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony." Ind. Post-Conviction Rule 1(9)(b).

Williams requested, but was denied, subpoenas for Gary Morrolf, an evidence technician, and Officer Shawn McCurdy, who arrested Williams. In support of his request for Morrolf's subpoena, Williams stated:

> [Morrolf] was the evidence technician who was responsible for finding the handgun in the rear of an apartment building located above an air conditioning unit.. [sic] Morrolf will further testify that [he] was responsible for running tests on the handgun and had it dusted for fingerprints. Morrolf will further testify that he did not testify at trial and that he was never deposed by the defense prior to trial.
> Evidence Technician Gary Morrolf's testimony is required at the Post Conviction hearing because petitioner[']s constitutional right to confront witnesses against him was violated when Gary Morrolf who was responsible for finding, reviewing and preparing all the evidence in this case for trial never testified and was never deposed prior to trial to preserve his testimony, thus violating the Confrontation Clause protected by the Sixth Amendment of the U.S. Constitution.

(App. at 171.) In support of his request for Officer McCurdy's subpoena, Williams stated:

> 5.      Ofc. Shawn McCurdy is expected to testify as follow: [sic] That he was arresting Officer and testified at Cameron Williams [sic] trial to all evidence that was presented at trial.
> 6.      Ofc. Shawn McCurdy's testimony is required for the Post-Conviction Relief claims because he was the Witness who the State called upon to testify concerning the evidence that was presented at trial.

(*Id*. at 176-77.) The post-conviction court denied both subpoena requests, finding specifically that Officer McCurdy's testimony "would not be relevant and probative to issues raised in this post-conviction proceedings [sic]." (*Id*. at 178.)

Williams argues the post-conviction court abused its discretion when it denied the two subpoena requests because Morrolf and Officer McCurdy's testimonies were relevant and probative and the denial of the subpoenas "hindered and interfered with the *Pro-se*, Post-

5

Conviction Relief Petitioner, carrying his burden of proof by preponderance of the evidence." (Br. of Appellant at 19) (emphasis in original). We disagree.

While a defendant has a Sixth Amendment right to confront the witnesses against him, the "failure of the State to call a competent witness does not deny a defendant his constitutional right." *Beverly v. State*, 543 N.E.2d 1111, 1115 (Ind. 1989). The State cannot be compelled to call witnesses at the insistence of the accused, and a defendant has the burden of seeing that witnesses who may have aided in his defense were called. *Id.* Because Williams did not call Morrolf as a witness, Williams was not denied his Sixth Amendment right. Therefore, the post-conviction court did not abuse its discretion when it denied Williams' request to subpoena Morrolf because Williams' only argument in his request for the subpoena implicated the violation of his Sixth Amendment rights, which we hold were not violated.

Additionally, Williams argues the post-conviction court erred when it did not make a finding supporting its denial of his request to issue a subpoena for Morrolf. P-C.R. 1(9)(b) states, in relevant part:

> If the *pro se* petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. If the court finds the witness' testimony would be relevant and probative, the court shall order that the subpoena be issued. If the court finds the proposed witness' testimony is not relevant and probative, it shall enter a finding on the record and refuse to issue the subpoena.

As there is only one reason the post-conviction court could deny Williams' request, that is, the testimony would be irrelevant and not probative, we conclude the post-conviction court

6

implicitly made that finding in its order denying Williams' request for subpoena. *See Perdue Farms, Inc. v. Pryor*, 683 N.E.2d 239, 240 (Ind. 1997) (the appellate court presumes the lower court knows and correctly applies the law).

Nor did the post-conviction court abuse its discretion when it denied Williams' request to subpoena Officer McCurdy. The post-conviction court found Officer McCurdy's testimony would not be relevant and probative. Furthermore, Williams' proffered reason for needing a subpoena was too vague to satisfy P-C R. 1(9)(b). Therefore, we cannot say the post-conviction court abused its discretion when it denied Williams' request for a subpoena of Officer McCurdy.

2.      Ineffective Assistance of Trial Counsel

We review claims of ineffective assistance of counsel under the two-part test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *reh'g denied*. To prevail, a claimant must show counsel's performance fell below an objective level of reasonableness based on prevailing professional norms, *Taylor v. State*, 882 N.E.2d 777, 781 (Ind. Ct. App. 2008), and the deficient performance resulted in prejudice. *Id.* "Prejudice occurs when the defendant demonstrates that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). We need not consider whether counsel's performance fell below the objective standard if that performance would have not changed the outcome. *Strickland*, 466 U.S. at 687.

In his amended petition for post-conviction relief, Williams alleged his trial counsel, Anthony Zapata, was ineffective:

> **9A(1)** Petitioner contends that he received ineffective assistance of counsel when counsel failed to object to the admission of evidence procured by the State through hearsay testimony **(2)** Petitioner[']s trial attorney was ineffective for not objecting to the hearsay testimony of officer Shawn McCurdy who the State used a [sic] foundation for the admission of pictures of the evidence after the evidence technician Gary Morrolf who was responsible for finding the handgun, had the handgun dusted for fingerprints, took pictures of [the] crime scene and performed other duties in preparation for trial was not available to testify. Petitioner contends that if his trial counsel had objected to the admission of the evidence through State[']s witness Mark [sic] McCurdy, the Court would have had no alternative but to sustain he [sic] objection because the State never satisfactorily explained the absence of evidence technician Gary Morrolf and petitioner never had an opportunity to confront and cross examine Morrolf prior to trial. **(3)** Petitioner[']s trail [sic] counsel was ineffective for not responding and satisfying the juror question as to whether or not the handgun had been dusted for fingerprints. *? (**See TR. At page 58**)* Petitioner contends that his trial counsel had in his possession, a document from the Marion County Prosecutors office clearly stating that evidence technician Gary Morrolf had found a ridge mark on the handgun and had it tested for identification purposes but it was unidentifiable to any specific person. (**See Exhibit A**). Petitioner contends that for his trial counsel to allow the jury to be left guessing as to whether or not his client[']s prints was [sic] on the gun when trial counsel could have satisfied their question by producing the document that was in his possession points to deficient performance and a deliberate attempt to deprive petitioner of his right to present exculpatory evidence in his favor at a critical state of the proceeding[.]

(App. at 122-23) (emphasis and formatting mistakes in original).

### a. Fingerprint evidence

During the post-conviction hearings, Williams and his post-conviction counsel questioned Zapata regarding these issues, and Zapata consistently stated his decisions were a part of his trial strategy to keep the gun out of evidence and to create doubt in the jury's mind

regarding identifying marks on the gun. The post-conviction court found:

> The court does not consider Mr. Zapata's tactics to have been ineffective. Although the testing of the fingerprint card did not show that Petitioner had touched the firearm, it did not show that he did *not* touch it, either. Given the eyewitness testimony about the gloves, the gloves themselves and Petitioner's statement about fingerprints, putting Ofc. Morrolf on the stand to testify about fingerprints would had [sic] had, at best, a neutral effect on Petitioner's defense, and at worst helped the State win the conviction.
>
> As to failure to depose the evidence technician, failure to enter the fingerprint report into evidence, failure to answer a jury question about fingerprints, and failure to ask for a continuance when the evidence technician was unavailable to testify at trial, the Court finds that trial counsel did not make errors so serious that he was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment to the United States Constitution. Additionally, Petitioner has failed to present any evidence sufficient to prove the likelihood of a better outcome at trial, had trial counsel done anything differently as to these matters. The court therefore finds that Petitioner has not proven prejudice.

(*Id*. at 47-48) (emphasis in original).

In his petition and on appeal, Williams appears to argue his trial counsel was ineffective because he did not introduce allegedly exculpatory fingerprint evidence through the testimony of Morrolf or request a continuance when it was discovered Morrolf was not available to testify. Zapata indicated he did not interview Morrolf, call Morrolf as a witness, or request a continuance based on Morrolf's absence because

> if [the Prosecutors] give me a witness list and if they're missing witnesses, that's in my Defendant's favor. . . . [I]f I would have subpoenaed [Morrolf], then [the State] would have had the gun in and then [the State] would have had at least the identification of that document with the prints in. So our goal was to keep the gun out as best as possible and argue the identification issue with it.

9

(Tr. at 23-24.) In the absence of fingerprint evidence, the State presented evidence Williams had a brown work glove when he was arrested, which suggested he was wearing gloves when the gun was fired and thus no fingerprints would be found. An eyewitness identified Williams as the shooter. Williams has not demonstrated Zapata deviated from a consistent trial strategy in a way that prejudiced Williams' defense.

> b. Objection

To show ineffective assistance based on failure to make an objection, a petitioner must demonstrate that the trial court would have sustained the objection. *Glotzbach v. State*, 783 N.E.2d 1221, 1224 (Ind. Ct. App. 2003). The petitioner must also establish prejudice by counsel's failure to properly object. *Timberlake v. State*, 690 N.E.2d 243, 259 (Ind. 1997), *reh'g denied, cert. denied* 525 U.S. 1072 (1999).

Regarding Williams' claim Zapata was ineffective because he did not object to certain evidence introduced by the State, the post-conviction court found:

> That leaves the matter of Mr. Zapata's failure to object to the admission of the State's evidence at trial. At the first hearing, Petitioner asked Mr. Zapata why he had failed to object. Mr. Zapata stated that he did not have an independent recollection of objecting, or not objecting, to the State's evidence and had not yet seen a transcript of the trial. Petitioner did not specify what evidence Mr. Zapata should have objected to, and the subject was not raised again at the second hearing. In the absence of any evidence to support Petitioner's argument, the Court finds that Petitioner has failed to prove that Mr. Zapata was ineffective for failing to object to the State's evidence, and he has also failed to prove how he was prejudiced by it.

(App. at 48.) Williams argues the post-conviction court's finding is not supported by the evidence presented, as he asked Zapata specifically about his failure to object to the State's

10

admission of Officer McCurdy's testimony about the gun found at the scene and the photographs of the gun. While we agree the post-conviction court's reasoning for its finding is erroneous, the result is nonetheless the same.

During the first post-conviction hearing, the following exchange occurred between Williams, proceeding *pro se*, and Zapata:

> [Williams]: Now, do you recall whether you did or not, object to the testimony of Officer McCurdy when the State used him to admit the photographs of the gun when you knew that he was not testifying from personal knowledge?
>
> [Zapata]: If believe they introduced the photographs, right? Is that what you're saying?
>
> [Williams]: Yes.
>
> [Zapata]: I don't remember. I think I stipulated to the photographs being introduced.
>
> [Williams]: Okay.
>
> [Zapata]: Which means I didn't object I don't think.
>
> [Williams]: Do you know what the legal definition is of testimony when a witness testifying under oath is not testifying from personal knowledge about facts - -
>
> [Zapata]: Do you mean - -
>
> [Williams]: Excuse me?
>
> [Zapata]: Do you mean hearsay?
>
> [Williams]: Right
>
> [Zapata]: Yeah. But he had personal knowledge because he saw the gun and would have been able to introduce it through the pictures as far as an accurate representation of what he saw when the technician sent him to the scene.

(Tr. at 48-49.) The transcript of Williams' trial supports Zapata's contention that the photographs were properly admitted as representations of what Officer McCurdy saw the date of the crime, and thus an objection to their admission would not have been sustained. *See* Ind. Evid. Rule 401 (evidence is relevant if it tends to prove or disprove a fact of

11

consequence) and Evid. Rule 901(a) (authentication of evidence is achieved by testimony indicating the evidence offered is what is purports to be).

Therefore, while the post-conviction court erroneously found Williams did not specify the evidence to which he alleged Zapata should have objected, the result is same – Williams did not demonstrate Zapata was ineffective because had Zapata made an objection to the photographs of the gun, the objection likely would not have been sustained.

### 3.　　Ineffective Assistance of Appellate Counsel

We review claims of ineffective assistance of appellate counsel using the same standard applicable to claims of trial counsel ineffectiveness. *Fisher v. State*, 810 N.E.2d 674, 676-77 (Ind. 2004). The defendant must show that appellate counsel was deficient in his performance and that the deficiency resulted in prejudice. *Id*. at 677. Ineffective appellate assistance claims generally fall into three categories: (1) denial of access to an appeal; (2) waiver of issues; and (3) failure to present issues well. *Id*. We employ a two-part test to evaluate "waiver of issue" claims: (1) whether the unraised issues are significant and obvious from the face of the record, and (2) whether the unraised issues are "clearly stronger" than the raised issues. *Id*.

Because counsel has considerable discretion in choosing strategy and tactics, we presume counsel's assistance was adequate and all significant decisions were made in the exercise of reasonable professional judgment. *State v. Miller*, 771 N.E.2d 1284, 1288 (Ind. Ct. App. 2002), *reh'g denied, trans. denied*. One of the most important strategic decisions is deciding what issues to raise on appeal. *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1998),

12

*reh'g denied, cert. denied* 525 U.S. 1021 (2003).

Williams argues his appellate counsel, Andrew Borland, was ineffective because Borland did not challenge Williams' conviction of unlawful possession of a firearm by a serious violent felon. Regarding this issue, the post-conviction court found:

> Appellate Counsel Andrew Borland testified only at the second hearing. He was asked why he had not raised the issue of gun possession in Petitioner's appeal. Mr. Borland stated that he did not believe there had been a viable issue for appeal regarding that offense. The Court agrees.
>
> Although not alleged in either of the petitions, Mr. Borland was asked several questions about the nature of the State's evidence. Petitioner, now represented by counsel, appeared to characterize the State's evidence as being entirely circumstantial in nature. The Court notes that the State had an eyewitness, Leonard Hayes, who saw Petitioner fire the gun in question. Eyewitness testimony is direct evidence, not circumstantial.
>
> No other evidence was submitted by Petitioner to support this claim and the Court finds that Mr. Borland did not make errors so serious that he was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment to the United States Constitution. Nor has Petitioner proven that he was prejudiced by Mr. Borland's representation.

(App. at 49) (footnotes and citation omitted).

On appeal, Williams offers no argument or authority to support the premise Borland should have raised on appeal the issue of sufficiency of the evidence to support Williams' conviction of unlawful possession of a firearm by a serious violent felon. Therefore, pursuant to Ind. Appellate Rule 46(A)(8)(a), Williams' claim of ineffective assistance of appellate counsel is waived for failure to make a cogent argument and cite to relevant authority.

13

**CONCLUSION**

We hold the post-conviction court did not abuse its discretion when it denied Williams' requests to subpoena Morrolf and Officer McCurdy because Williams did not demonstrate either witness would provide relevant testimony. Nor has Williams demonstrated his trial or appellate counsel was ineffective. Accordingly, we affirm the denial of his petition for post-conviction relief.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.