## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 12 2015, 7:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey W. Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 12, 2015

Court of Appeals Case No.
34A02-1402-CR-95

Appeal from the Howard Superior Court

The Honorable Brant J. Parry, Judge

Cause No. 34D02-1209-FD-243

**Pyle, Judge.**

# Statement of the Case

Jeffrey Smith ("Smith") appeals his conviction, after a jury trial, for failure to register as a sex or violent offender, a Class D felony.[1] He argues that insufficient evidence supports his conviction, alleging that the State did not prove that he had failed to register. Concluding that the State presented sufficient evidence, we affirm Smith's conviction.

We affirm.

# Issue

Whether sufficient evidence supports Smith's conviction.

# Facts

On May 28, 2002, in Miami County, Smith pled guilty to criminal confinement as a Class C felony and as a Class D felony. He also pled guilty to battery as a Class D felony. The trial court sentenced Smith to twelve (12) years in the Department of Correction and ordered him to register as a violent offender upon his release because of the Class C felony criminal confinement conviction.

On September 19, 2012, the State charged Smith with failure to register as a sex or violent offender. The trial court conducted a two-day jury trial on October

---

[1] Ind. Code § 11-8-8-17(a)(1)(2012). We note that, effective July 1, 2014, a new version of this statute was enacted and that Class D felony failure to register as a sex or violent offender is now a Level 6 felony. Because Smith committed his crimes in 2012, we will apply the statute in effect at that time.

29-30, 2013. The State presented its evidence through the testimony of Lieutenant Kurt Georges ("Lt. Georges") of the Howard County Sheriff's Department. However, a majority of his testimony was inaudible and thus was not included in the transcript. The jury found Smith guilty as charged. Smith now appeals.

# Decision

[6] Smith argues that insufficient evidence supports his conviction for failure to register as a sex or violent offender. He argues that there is "no evidence in the Transcript that he failed to register." (Smith's Br. 6).

[7] When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

[8] *Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted).

[9] To convict Smith as charged, the State was required to show that Smith, being a sex or violent offender, knowingly or intentionally failed to register when he was required to register. IND. CODE § 11-8-8-17(a)(1).

[10] Smith appears to argue that the record on appeal lacks sufficient evidence to sustain his conviction because portions of the transcript showing the offer and admission of State's Exhibits two and three are missing. However, the transcript does show that the trial court published the exhibits to the jury. We presume that trial courts know and follow the law. *Thurman v. State*, 793 N.E.2d 318, 321 (Ind. Ct. App. 2003). Hence, we presume that the trial court would not have published exhibits to the jury if the State did not properly offer them into evidence. In addition, if there were any errors with the admission of Exhibits two and three, it was Smith's responsibility to provide a sufficient record supporting his claim of error. *See Miller v. State*, 753 N.E.2d 1284, 1287 (Ind. 2001); *see also* Ind. Appellate Rule 31 (detailing the procedures for supplementing missing portions of the transcript). Smith did neither. Therefore, we turn our attention to the exhibits to complete our review.

[11] Smith's only claim is that the evidence does not show that he failed to register. State's Exhibit two contains a copy of a letter sent to Smith in September 2012 informing him that his registration had lapsed in August 2012. State's Exhibit three is a voicemail that Smith left for Lieutenant Georges acknowledging receipt of the letter, stating that he was not going to register, that the deputies would have to come and find him, and that he planned to sue the sheriff if they arrested him. This evidence is sufficient to support the jury's conclusion that

Smith failed to register when required.  We affirm Smith's conviction for failure to register as a sex or violent offender. [2]

[12]   Affirmed.


Najam, J., and Bailey, J., concur.

---

[2] Smith also advances two additional arguments.  First he claims that the "Miami Superior Court I clearly made errors in its June 18, 2002 sentencing of Smith under 52D07-0104-CF-00043."  (Smith's Br. 4).  Smith did not appeal his conviction from Miami County.  We will not consider this argument now because if an issue was known and not raised on direct appeal, it is waived.  *Ben-Yisrayl v. State*, 729 N.E.2d 102, 110 (Ind. 2000).

Second, Smith claims that his "obligation to register was limited to I.C. [§] 5-2-12-4, and it was terminated when I.C. [§] 5-2-12-4 terminated."  (Smith's Br. 5).  In support of this assertion, he cites *Hevner v. State*, 919 N.E.2d 109 (Ind. 2010) for the proposition that the legislature repealed INDIANA CODE § 5-2-12-4.  Smith omitted part of the sentence he cites.  The full sentence reads, "[w]hile Hevner was awaiting trial in 2006, the Legislature repealed Ind. Code § 5-2-12-4 *and recodified the statute* at Ind. Code § 11-8-8-4.5."  *Id*. at 111. (emphasis added).  Moreover, Smith's argument is equivalent to alleging that the charging information was defective.  If he wanted to raise such an argument, it was his responsibility to file a motion to dismiss under INDIANA CODE § 35-34-1-4 no later than twenty days after the omnibus date, and failure to do so results in waiver on appeal unless fundamental error occurred.  *Sharp v. State*, 16 N.E.3d 470, 477-78 (Ind. Ct. App. 2014).  Smith did not file a motion to dismiss, and he does not allege fundamental error.  Accordingly, this argument is also waived.