## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 19 2019, 10:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jonathan R. Deenik
Deenik Law, LLC
Greenwood, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Suzanne Hopper,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Joshua Keith Hopper,<br>*Appellee-Respondent* | February 19, 2019<br><br>Court of Appeals Case No.<br>18A-DR-1923<br><br>Appeal from the Marion Superior Court<br><br>The Honorable David Dreyer, Judge<br><br>The Honorable Patrick Murphy, Magistrate<br><br>Trial Court Cause No.<br>49D10-1606-DR-22826 |

**May, Judge.**

[1] Suzanne Hopper ("Mother") appeals the denial of the motion to correct error she filed following the court's dissolution of her marriage to Joshua Keith Hopper ("Father"). We affirm.

## Facts and Procedural History

[2] Mother and Father were married on September 6, 2015. One child was born of the marriage ("Child"). On June 27, 2016, Mother filed for dissolution. On October 3, 2017, the trial court held a final hearing on the dissolution, but it did not enter a final order at that time. On November 2, 2017, Mother filed a motion to correct errors and a motion for emergency hearing. In that motion, Mother alleged Father had been arrested and charged with "Domestic Battery, Intimidation, Criminal Confinement and Battery with Bodily Fluid," (App. Vol. II at 26), and Mother had a witness who would testify regarding Father's alleged behavior while in the presence of Child. Mother also requested the trial court order Father to complete a mental health evaluation before continuing to exercise unsupervised parenting time with Child.[1]

[3] On January 19, 2018, the trial court held a hearing[2] on Mother's motion to correct error and motion for emergency hearing regarding parenting time. On

[1] The dissolution order indicates the trial court's preliminary order provided for shared physical custody of Child.

[2] The record does not include a copy of the transcript from this hearing, nor does it contain a copy of the transcript from the final dissolution hearing. As we explain later, these exclusions are fatal to Mother's arguments on appeal.

January 25, the trial court denied Mother's motion to correct error "and Other Relief on behalf of [Mother.]" (App. Vol. II at 31.) In that order the trial court concluded:

> 1. [Mother's] Motion was filed after the hearing but before any judgment was entered. The proposed orders were due from the parties just beyond the time when the [Motion to Correct Error] was filed. Any [Motion to Correct Error] would be premature on this timeline.
>
> 2. Any arguable ground for a [Motion to Correct Error] is newly discovered evidence, unavailable and undiscoverable prior to the hearing. One part of the evidence proffered was known and discoverable at the time of the hearing, and the other proffer was regarding evidence that occurred subsequent to the hearing.

(*Id.*)

[4] Prior to the hearing on Mother's motion to correct error, on January 9, 2018, Father filed a motion for contempt related to Mother's denial of parenting time. On April 20, 2018, the trial court entered its order of dissolution. The trial court ordered Mother and Father to share physical and legal custody of Child, with "week on, and then week off parenting time with exchanges occurring on Sundays at 6p." (*Id.* at 34.) The trial court ordered Father to pay $13.00 per week in child support and found, "As [Father] has paid a majority of the preliminary expenses, there is no child support arrearage." (*Id.* at 35.)

> 23. [Father] field [sic] a Petition for Contempt which was previously set on January 19, 2018, but was congested [sic] because of time. The Court hereby retains jurisdiction over the

preliminary issue of Contempt and hereby sets the [sic] resets the matter for hearing on the 21st, [sic] day of June, 2018 at 1:30 pm for one hour. [Mother] shall appear and show cause at that time why she should not be held in contempt.

(*Id.* at 37.)

[5] On May 19, 2018, Mother filed a second motion to correct error, alleging Father did not comply with certain discovery requests, was the subject of pending criminal charges, and had relocated multiple times without notifying the court of his intent to do so. The trial court held a hearing on June 21, 2018. On the Chronological Case Summary, the hearing is listed with a comment of "Contempt." (*Id.* at 11.) At the hearing, the parties presented evidence on "pending contempt." (Tr. Vol. II at 2.) During the hearing, in explaining why she had denied Father parenting time, Mother testified regarding some of the allegations she set forth in her motion to correct error, including Father's arrest and relocation without notice to the court. At the end of the hearing, the trial court stated:

> Okay. Well, there's a lot of things both your lawyers are well aware of and I just remind people from time to time as I even have in these series of hearings, there is a relocation requirement of notice and so I would like everyone to abide by those. So that --- the point of it is is so that not only the other party know where you're going to live but could object to the move if they had a reason to. So, I'm reminding people to comply with the relocation statute. Nevertheless, the --- while I appreciate the concern that a person's got a criminal case pending, I don't think I've heard anything that makes anyone think the child is in jeopardy, based on what I've heard. So, I'm going to require

> makeup time starting tomorrow afternoon for a two- week --- two
> weeks with father and the child can have two or three Facetimes
> a week with mom for as long as the child's attention holds.

(*Id*. at 23) (errors in original). The trial court also found Mother in contempt and ordered her to pay $700.00 of Father's attorney's fees. On July 20, 2018, the trial court denied Mother's motion to correct error without making findings.

# Discussion and Decision[3]

[6] We review a trial court's grant or denial of a motion to correct error for an abuse of discretion. *Inman v. Inman*, 898 N.E.2d 1281, 1284 (Ind. Ct. App. 2009). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances that were before the court. *Id*. Determining whether the court abused its discretion when it denied the motion to correct error requires we review the propriety of the trial court's underlying judgment. *In re Guardianship of M.N.S.*, 23 N.E.3d 759, 766 (Ind. Ct. App. 2014).

[7] Mother argues the trial court abused its discretion when it denied her motion to correct error because Father did not respond to her requests to file a child

---

[3] As an initial matter, Father argues Mother's appeal should be dismissed as untimely He alleges Mother's second motion to correct error was deemed denied pursuant to Indiana Trial Rule 53.3(A) prior to the date the trial court denied Mother's second motion to correct error because the trial court did not hold a hearing on Mother's second motion to correct error. However, because of the significant overlap between the facts involved in both Mother's second motion to correct error and Father's petition for contempt, we reject Father's request that we dismiss Mother's appeal as untimely.

support obligation worksheet and "he only provided the information at the final hearing." (Br. of Appellant at 9.) She claims the timing of Father's disclosure of the information relevant to the computation of child support allowed Father to "avoid payment of support to Mother," (*id.* at 10), and the trial court should have ordered Father to pay $34.00 per week in child support and $3,060.00 in child support arrearages. Mother also contends the trial court abused its discretion when it denied her motion to correct error because "Father had withheld information from her at the Final Hearing," (*id.* at 11), regarding pending criminal charges and relocations.

[8] The record does not include transcripts from either the dissolution hearing or the hearing on Mother's first motion to correct errors, which was held on January 19, 2018. The record also does not include the parties' respective child support obligation worksheets. We do not know how and when Father did or did not disclose certain information. Because Mother's record is incomplete to the degree that this court is unable to ascertain any evidence of alleged error, we affirm. *See Miller v. State*, 753 N.E.2d 1284, 1287 (Ind. 2001) (appeal waived when appellant did not submit a complete record of the relevant proceedings to allow for review of the allegations of error), *reh'g denied*.

# Conclusion

[9] Because Mother has not provided portions of the record crucial to our review, her arguments on appeal are waived. Accordingly, we affirm.

Affirmed.

Baker, J., and Tavitas, J., concur.